ALBANY,
Feb. 1810.

BETTS and
CHURCH
v.
LEE.

execution, preclude the construction, that a corporation can be sued before a justice of the peace.

Judgment reversed.

———*⊕*———

## BETTS and CHURCH *against* LEE.

A. the owner of land, brought an action of trespass against B. for entering and cutting down trees, &c. The action was compromised, and B. paid the damages to A. which was equal to the value of the trees, which B. had sawed and split into shingles. A. afterwards, took away the shingles, and B. brought an action of trespass against him, for taking and carrying away the shingles. It was held, that the compromise of the trespass by B. and paying the damages to A. did not transfer the property in the trees cut down, to B. nor did B. by converting the timber into shingles change the right of property.

Whatever alteration in form, property may have undergone, the original owner may take it, in its new shape, if he can identify the original materials.

ON *certiorari*, from a justice's court. *Lee* sued the plaintiffs in error, in the court below, for a trespass, in taking and carrying away a quantity of shingles, and stuff for making shingles. *Lee* had cut down the timber of which the shingles were made, on land belonging to *Robert L. Bowne.* An action of trespass was brought by *Bowne* against *Lee*, for cutting down the trees ; and the attorney of *Bowne* discontinued the suit, on the defendant's paying thirty dollars. It was proved that the attorney, who settled the suit in behalf of *Bowne*, had said, that in compromising several suits, for this and other trespasses of the same kind, he had charged as much to those who had not carried off the timber cut down, as to those who had carried away what they had cut ; and that those who had not taken off the timber cut down, would have as much right to carry it away, as those who had done so, before the settlement of the suits.

The land on which the timber was cut down, and the shingles made, was conveyed by *Bowne* to the plaintiffs in error ; and at the time of executing the deed, a power of attorney from *Bowne* to the plaintiffs in error, was also executed, authorizing them to sue all persons, in the name of *Bowne*, for trespasses, before that time committed, in cutting timber on the land. It was proved

that the deed and power of attorney were executed prior to the suit brought by *Bowne*, and settled in the manner above stated. The plaintiffs in error, as owners of the land. claimed the timber cut down, and prepared for making shingles, as well as the shingles not taken away by *Lee*, prior to the said suit, and prohibited him from taking them ; and converted them to their own use. The jury found a verdict for *Lee*, the plaintiff below, for twenty-five dollars, on which the justice gave judgment.

ALBANY,
Feb. 1810.

BETTS and
CHURCH
v.
LEE.

The question was, whose property were the shingles, and timber cut down, after the settlement of the suit, brought by *Bowne* against *Lee* for cutting down the trees.

*Per Curiam.* The evidence detailed in the return to the *certiorari*, does not prove, that when the suit for a trespass, brought by *Bowne* against *Lee*, was compromised, the attorney of *Bowne*, or the present plaintiffs, sold the shingles, &c. to *Lee*, or permitted him to take them. The thirty dollars paid by *Lee* to the attorney, was for the damages of the trespass he had committed, in cutting down the trees. A loose and equivocal observation made at another time to a stranger, was not sufficient evidence to establish such a sale or consent. The settling of the suit for the trespass, and recovering a compensation, did not, *per se*, transfer to the trespasser a right to the timber cut down, and remaining on the land ; nor did the working one part into shingles, and the other part into short logs, change the title to the property.

The *civil law* required the thing to be changed into a different species, and to be incapable of being restored to its ancient form, as grapes made into wine, before the original proprietor could lose his title ; nor even then, did the other party acquire any title by the accession, unless the materials had been taken away, in *ignorance* of their

ALBANY,
Feb. 1810.

being the property of another. (*Vinnius, Inst.* lib. 2. tit. 1. § 25. *Dig.* 10. 4. 12. 3.) The civil law, in its usual wisdom, gave no encouragement to trespassers.

But this very point has been decided against the trespasser, by the *English* common law. It is laid down, in the *Year Books*, after solemn argument on demurrer, that whatever alteration of form any property has undergone, the owner may seize it, in its new shape, if he can prove the identity of the original materials ; as if leather be made into shoes, or cloth into a coat, or a tree be squared into timber. (5 *Hen.* VII. 15. 12 *Hen.* VIII. 10. *Fitz. Abr. Bar.* 144. *Bro.* tit. *Property*, 23.) We are of opinion, therefore, that the judgment below ought to be reversed.

Judgment reversed.