CURTIS <em>against</em> GROAT.

A. brought an action of trespass against B., before a justice of the peace, for cutting down wood on the land of A. and making it into coal; and the value of the timber cut down, and a countermand of B. for the coals were submitted to the jury, who found a verdict for the plaintiff. B. afterwards, brought an action of *trover* against A. for the *coals*, which still remained on the land of A., and the question was again submitted to a jury. It was held, that the question of the coals having been once submitted to the jury by B., in the former suit, it was a conclusive bar to the second suit; and that if it were otherwise, B. as a wilful trespasser, could acquire no property in the coals, which still remained in the possession of the owner of the timber. But where a trespasser takes a chattel into his own possession, and the owner sues for and recovers damages for the specific chattel so taken and detained, the property is, by the operation of law, changed and transferred to such trespasser.

IN error, on *certiorari*, from a justice's court. *Curtis* sued *Groat* before the justice, in *trover*, for 600 bushels of coals. The defendant pleaded that the coals were made on his land, out of his wood, and still remained there ; and also, that he had sued the plaintiff at a former time, and the plaintiff had given in evidence, and submitted to a jury his present demand for the coal.

The cause was tried by a jury, and a verdict was found for the present defendant. Upon the trial it was proved, that there had been such a former trial, in a suit in trespass for damages, for cutting the timber, and making it into coal; and, that on such former trial, the value of the timber cut, and a counter-demand for the coal were fully submitted to the jury. It was further proved, that the coals were still upon the defendant's land; that by consent of the parties, the merits of the demand for the coal were again fully discussed, and submitted to the jury; and it was admitted, that the present defendant had no other claim to the property of the coal, than that the timber of which they were made grew, and was cut on his land, by the plaintiff, without his knowledge or consent, and that the coal still remained there; and that he had done nothing to part with his property in the coal.

The case was submitted to the court, without argument.

*Per Curiam.* The verdict of the jury was founded upon law and evidence, and the judgment must be affirmed. It is sufficient in this case, that the demand for the coal had been once submitted to a jury, when the plaintiff was sued in a former action of trespass for cutting the timber, and that that jury passed upon this claim. But putting that former trial entirely out of question, the court are of opinion, that the plaintiff had no right to the coal. The defendant's timber, by being cut and converted into coal, had indeed lost its primitive form, but the identity of the original material was here ascertained or admitted. The coal was still in possession of the defendant; and it was agreed, that they were made out of the defendant's timber. This case then comes within the decision of *Betts and Church* v. *Lee;* (5 *Johns. Rep.* 348.) and the principle mentioned in that case, that a *wilful* trespasser cannot acquire a title to property, merely by chan-

ALBANY,
August, 1810.

CURTIS
v.
GROAT.

ALBANY,
August, 1810.

ging it from one species into another, applies to this case. If a trespasser takes a chattel into his own possession, and the owner sues and recovers damages, for the specific chattel so taken and detained, the recovery and execution done thereon, will change the property, by operation of law, on the principle that *solutio pretii emptionis loco habetur ; (Jenk. Cent.* 56. 189. case 88.) and this seems to be the rule both in the *French,* and in the *civil law,* where the transfer by such means is considered as a complete and absolute change of title. (*Pothier, Traité du Droit de Propriété,* no. 464. *Digest,* 6. 1. 35. & 63.) But the present case, as well as that of *Betts and Church* v. *Lee,* does not come within that rule. The trespass suit, was for cutting the timber, and must have been an action of trespass *quare clausum fregit.* It was not a suit for taking, or converting, or detaining the charcoal, and the recovery ought to have been distinctly, for that specific chattel, before the rule could apply. The coal was here left with the defendant ; and it forms a material ingredient in the case, that it never was out of his possession.

Judgment affirmed.