BARB v. FISH.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*M. G. Bright*, for the plaintiffs.

*J. G. Marshall*, for the defendant.

---

## BARB v. FISH.

The property in goods for which trover is brought, is not vested in the defendant by a verdict and judgment in favour of the plaintiff for damages evidently only nominal.

ERROR to the *Boone* Circuit Court.                                        *Wednesday, November 24.*

SMITH, J.—This was an action of replevin commenced in the *Boone* Circuit Court by *Fish* against *Barb*. The declaration contains two counts—the first for the unlawful taking and detention, and the second for the unlawful detention, of two steam-boilers.

At the *April* term of the Circuit Court, in 1844, the defendant filed five pleas. The first was a plea of *non cepit* to the first count, upon which issue was joined. The second plea averred that the said boilers were, at, &c., the property of the defendant and ·not the property of the plaintiff. The third plea alleged property in the defendant and one *John Williams;* the fourth, property in *John S. Forsyth* and *Abner Longly;* and the fifth, property in the defendant, *Williams, Forsyth,* and *Longly*.

Nov. Term,
1847.

BARB
v.
FISH.

The plaintiff filed a replication to each of the pleas except the first, setting forth the record of a former suit in trover, in the same Court, between the same parties. This record shows that at the *April* term, 1843, *Barb* filed his declaration against *Fish* for the alleged trover and conversion of certain goods and chattels, to wit, saw-mill irons, grist-mill irons, steam-chest, throttle-valve, saw-mill crank, steam-boilers, fly-wheel, steam-pipes, force-pump irons, and a steam-engine, all of the value of 1,000 dollars; and that he afterwards obtained a verdict and judgment for the sum of 25 cents for his damages. The replications aver that said judgment is still in force, that the said steam-boilers named in the declaration of *Barb* in the trover suit, are the same steam-boilers described in the declaration in the present suit, and pray judgment if the said *Barb* ought to be admitted, against the said record, to plead the pleas aforesaid, &c.

There are rejoinders to these replications, denying that the steam-boilers in the declaration in the present suit mentioned, are the same alleged to have been found and converted in the action of trover, and alleging that no evidence was given on the former trial of and concerning the said boilers or the conversion thereof, &c.

Each of the rejoinders was demurred to specially. The Court below sustained the demurrers to the rejoinders, and thereupon the defendant withdrew his plea of *non cepit*, and judgment was rendered for the plaintiff.

The main question in this case is as to the sufficiency of the plaintiff's replications; that is, whether the suit and judgment in trover, replied by *Fish* as matter of estoppel, operated as a transfer of the right of property in the chattels described in the declaration, so as to preclude *Barb* from pleading his ownership in this action.

There seems to be much uncertainty and contradiction in the cases reported as to how far, or under what circumstances, a judgment in trespass or trover vests the right of property in the goods in the defendant. One of the earliest reported cases bearing upon this question is that of *Brown* v. *Wootton*, Cro. Jac. 73, Yelv. 67, Moore, 762. That was an action for certain goods, where the defendant pleaded a judgment and execution in behalf of the plaintiff against a third person,

and the plea was held to be good. In this case, a distinction was made by the Court between the demand and recovery of a thing certain and a thing uncertain, and it was held that while in actions *ex contractu*, where two or more are jointly bound, a recovery and execution against one without satisfaction was no bar to an action against the other, when the demand rests only in damages as in trespass, a recovery and judgment against one was a bar against the other; for the uncertain demand being now made certain by the judgment, the plaintiff shall not resort to the uncertain demand again. This distinction does not appear to have been subsequently recognized and established as good law. See *Livingston* v. *Bishop*, 1 Johns. 290, and cases there cited. In this latter case, Chief Justice *Kent* questions the extent of the decision in *Brown* v. *Wootton*, and holds that a recovery against one joint trespasser is not alone a bar to a suit against another.

The next case is that of *Adams* v. *Broughton*, 2 Strange, 1078, and more fully reported in Andrews, 18. An action of trover had been brought against one *Mason* and judgment obtained, whereupon a writ of error was brought. Another action of trover was then brought by the same plaintiff, for the same goods, against *Broughton*. On a motion to hold the defendant last named to special bail, it was said by the Court, according to Andrews, Chief Justice *Lee* being absent, "The property of the goods is entirely altered by the judgment obtained against *Mason*, and the damages recovered in the first action are the price thereof; so that he hath now the same property therein as the original plaintiff had; and this against all the world." And therefore the motion was denied. According to Strange, *Mason* had obtained an injunction on showing that the property had been delivered to *Broughton*, and thereupon the action was brought against the latter. There seems to be some uncertainty about this case, and it is so imperfectly reported that it cannot be regarded as of much value.

It is an unsettled question, however, whether a judgment in trespass or trover does by implication of law, *per se*, transfer the title to the goods to the defendant, without payment or satisfaction of the judgment. 2 Kent's Comm. 388, 9, and note c, 5th ed. The decisions on this point are contradictory.

Nov. Term, 1847.

BARB
v.
FISH.

In *Pennsylvania*, it has been held that the recovery of a judgment, without satisfaction, changes the right of property and divests the plaintiff's title. *Floyd* v. *Brown*, 1 Rawle, 121.— *Marsh* v. *Pier*, 4 *id.* 273.— *Merrick's Estate*, 5 Watts & Serg. 17. In *Virginia* and *South Carolina*, the same rule seems to have been adopted. *Murrell* v. *Johnson's Adm'r*, 1 Hen. & Munf. 449.— *Rogers* v. *Moore*, 1 Rice, 60.— *Wilburn* ads. *Bogan*, 1 Spears, 179. In *Campbell* v. *Phelps*, 1 Pick. 62, this point was passed over and the decision made upon another. Chief Justice *Parker*, in delivering the opinion of the Court, expresses some doubt as to the correctness of the doctrine, that a judgment recovered in trespass or trover is of itself a bar to another action by the plaintiff for the same goods, and alludes to some inequitable consequences which would result from such a rule if established. Justice *Wilde*, however, in a dissenting opinion in the same case, expressly denies that the mere recovery of a judgment for damages in these actions, will operate so as to vest the property in the defendant.

In *New York*, it has been held that the right of property would not vest in the defendant without a satisfaction of the judgment. *Curtis* v. *Groat*, 6 Johns. 168, was an action of trover for 600 bushels of coals. The coals were on the defendant's land and made out of his wood. There had been a former suit in trespass between the same parties, for damages for cutting the timber and making it into coals, and the value of the timber cut and a counter demand for the coals had been submitted to the jury. The Court held it was sufficient in this case that the demand for the coals had been once submitted to the jury, but that putting the former trial out of the question, the plaintiff had no right to the coals, on the principle that a wilful trespasser cannot acquire a title to property, merely by changing it from one species to another. It was admitted that a recovery in trespass or trover for a specific chattel taken or detained, *and execution done thereon*, would change the property; but it was denied that this case came within the rule, the recovery in trespass not having been for the coals. The point came up more directly in *Osterhout* v. *Roberts*, 8 Cowen, 43. This was an action of trover for a watch. The defendant pleaded that a previous judgment

had been obtained by the plaintiff for the value of the same watch against the defendant's son, on which the son was imprisoned sixty days in the county jail. It was held that the property in the watch had not been transferred by the previous judgment, as the imprisonment was not an actual satisfaction of it.

In *Betts et al.* v. *Lee,* 5 Johns. 348, the Court seems to have gone a step further than in either of the above cases, and to have denied that even payment of damages to the value of the goods taken, changed the right of property so as to enable the *defendant* to assert an ownership in a subsequent suit against the assignees of the plaintiff. *Lee* had cut down trees and made them into shingles on land belonging to one *Bowne.* The latter had brought an action of trespass against *Lee,* which was discontinued on *Lee's* paying the value of the timber cut. The land was afterwards conveyed by *Bowne* to *Betts* and *Church,* who prohibited *Lee* from carrying away the shingles and converted them to their own use. *Lee* then sued *Betts* and *Church,* and the question was, whose property were the shingles after the settlement of the suit by *Bowne* against *Lee* for cutting down the trees; and it was held that the settling of the suit for the trespass and recovering a compensation did not, *per se,* transfer to the trespasser a right to the timber cut down and remaining on the land.

It seems also to have been decided in *Maine, Hopkins* v. *Hersey,* 20 Maine R. 449, that a judgment in trover without satisfaction against one trespasser, is no bar to an action against another person for a different trespass upon the same property.

It would be impossible to reconcile these various decisions with each other and with the doctrine laid down in the books, upon the grounds assumed in them; but perhaps the subject has been somewhat obscured by the manner in which the general doctrine has been stated in its application to particular cases. There are, undoubtedly, instances where a subsequent action cannot be maintained, although there has been no satisfaction of the judgment, and although no damages may have been recovered; and again, there are others where a judgment in trespass or trover either with or without satisfaction, cannot vest an absolute right of property in the de-

fendant.   The question whether another suit can be maintained or not, appears to depend, in many cases at least, not upon the satisfaction of the judgment, but upon who were the parties to the former suit and what was decided by it.   It is a clear principle of law, that the same plaintiff cannot sue the same defendant twice for the same cause of action.   If he has brought an action of trover which has been decided, he cannot bring another against the same defendant for the same goods, whether the judgment has been satisfied or not. Nor if he should fail in the first suit, can he sue again in the same or in another form of action.   This principle is illustrated in *Hitchin* v. *Campbell*, 2 Blacks. R. 827, which was an action of assumpsit where the plaintiff had previously brought trover for the same goods, in which first suit the judgment was for the defendant.   On the other hand, trover may be brought by a bailee, in which case a judgment and satisfaction could not divest the title of the general owner and convey it to the defendant.   Again, this action may be brought for title-deeds, leases, bonds, bills of exchange, promissory notes, &c., and it is obvious the judgment, even when satisfied, could not vest the property described in some of these instruments, or a legal right to enforce the obligations specified in the others, in the defendant.

When goods are wrongfully taken or detained, the injured party may have his choice of remedies.   He may have his action of replevin to recover the specific articles, or an action of trover to recover damages for the conversion; and if his choice of the latter remedy is to be regarded as an election to consider the defendant a purchaser and go for the price or value of the goods instead of the goods themselves, by which election he is estopped from afterwards claiming a right of ownership to the goods, it is not easy to perceive, upon principle, how the satisfaction or non-satisfaction of the judgment could alter his position.   If upon this hypothesis, the defendant is to be treated as a purchaser from the time of such election, that is, from the time the action was brought, the right of property must also be considered as having passed at that time.   This would, perhaps, be the case if the plaintiff should waive the tort and bring assumpsit, which he might do if he was the general owner of the property.   But we appre-

hend this cannot be correct doctrine in trover. Bailees and others having only a special interest in the goods, would have no authority to sell to the defendant if they were disposed to make such an election. The damages recovered are in compensation of the injury done to the plaintiff by the wrongful act of the defendant, which is clearly distinguishable from the price or value of the goods taken, though, ordinarily, the value of the goods is said to be the measure of such damages. The fact of the conversion does not necessarily import an acquisition of property in the defendant. 1 Chitt. Plead. 167. So, the action may be sustained, although the goods come into the possession of the plaintiff by redelivery or recaption before the action is brought, "which doth not purge the wrong or make satisfaction for that which was done to the plaintiff by detaining the goods." Jac. Law Dict. tit. Trover.— 1 Danv. Abr. 21.—*Cook* v. *Hartle*, 8 C. & P. 568. During the progress of the action the property may be surrendered in mitigation of damages. 3 Steph. N. P., Shars. ed., 2715.— 3 Chitt. G. P. 686. And it seems that upon recapture or reacceptance by the plaintiff of chattels, for the conversion of which judgment has been obtained, the defendant will be entitled to relief on motion to have entry of satisfaction made, or in equity by injunction to prevent the collection of the judgment. *Coombe* v. *Sansom*, 1 Dowl. & Ryl. 201. This practice is entirely inconsistent with the idea that the defendant is to be treated as a purchaser, at any period at least before he has made actual satisfaction to the plaintiff for the value of the goods. How far or in what cases, if any, such satisfaction would operate to divest the title of the plaintiff, so as to prevent him from bringing an action against other parties than the defendant to the former suit, where he otherwise might, it is not necessary for our present purposes to inquire.

In the case now under consideration, *Barb* had sued *Fish* in trover and recovered judgment, whereupon *Fish* brought this action of replevin against *Barb* to recover the articles for the conversion of which the latter had first brought suit. Upon what principle the damages in the trover suit were assessed does not appear, but the judgment is evidently for a nominal sum only. Such being the fact, it is clear the value

Nov. Term, 1847.

BARB
v.
FISH.

of the goods could not have been estimated by the jury in making up their verdict. This is not the case, then, of a plaintiff in trover pursuing another remedy or another party, after having had one adjudication in his favour, but of the defendant claiming the right of property in the goods for the conversion of which the action had been brought against him, although nothing had been recovered for their value, and relying upon the abstract principle of law said to be settled by some of the cases before cited, that a judgment for damages in this form of action, necessarily and *per se*, transferred the title and vested the right of property in him to the goods described in the former suit. 'We are of opinion that the judgment set out in the replications did not have that effect, and that *Barb* was not thereby estopped from pleading ownership in himself or others. The replications were therefore insufficient, and the judgment for the plaintiff erroneous (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. C. Nave*, for the plaintiff.

*J. Morrison* and *S. Major*, for the defendant.

(1) The correct doctrine probably is, that by a judgment in trover for the value of the goods and the payment of the judgment, the property in the goods is vested in the defendant as against the plaintiff; but that if the judgment be not for the value, or if it remain unpaid, the property is not altered.

*Holroyd*, J., says, "Where in trover the full value of the article has been recovered, it has been held that the property is changed by judgment and satisfaction of the damages." *Morris et al.* v. *Robinson*, 3 B. & C. 196.

It seems, according to an old case, that where the defendant in trover pleads a former recovery against him by the plaintiff in trespass for taking the goods, the plaintiff may reply that the damages recovered were not for the value. *Lacon* v. *Barnard*, Cro. Car. 35. S. C. Hutton, 81.

The following is a late case: Trover by *Cooper* against *Shepherd* for a bedstead. Plea, that the plaintiff, before the commencement of this suit, recovered judgment in an action of trover brought against one *Willomatt*, for the conversion by him of this same identical bedstead, and received from *Willomatt* the amount of the damages and costs on such judgment, the damages, so far as related to the bedstead, having been assessed, and having been received by the plaintiff, as the full value of the bedstead, and, in fact, amounting to such value. The plea then states, that the conversion by *Willomatt*, for which that action was brought, was a conversion not later in point of time than the conversion mentioned in the declaration against *Shepherd*; that just before and at the time of the conversion in that declaration mentioned, *Willomatt*, being possessed of the bedstead, sold it to *Shepherd*, who paid him for the same, and received it under such sale; and that the taking under such sale was the conversion complained of in the declaration against *Shepherd*. *Held*, that the plea was good. In this case, C. J. *Tin-*

*dal* said: "The plaintiff, in trover, where no special damage is alleged, is not entitled to damages beyond the value of the chattel he has lost; and, after he has once received the full value, he is not entitled to further compensation in respect of the same loss: and, according to the doctrine of the cases which were cited in the argument, by a former recovery in trover, and payment of the damages, the plaintiff's right of property is barred, and the property vested in the defendant in that action. See *Adams* v. *Broughton*, 2 Stra. 1078, and Jenkins, 4th Cent. Ca. 88, where it is laid down—*' A.*, in trespass against *B.* for taking a horse, recovers damages; by this recovery, and execution done thereon, the property in the horse is vested in *B*. *Solutio pretii emptionis loco habetur.'.*" *Cooper* v. *Shepherd*, 3 M., G., & S. 266.