## JOSEPH BRYANT *versus* JOHN WARE.

A trespasser acquires no title to the goods taken, and can convey none. The original owner may follow his property and reclaim it from the trespasser, or any other person claiming through him.

Confusion of goods may occur by the intermixture of timber, shingles, rails or ship knees.

Where lumber was cut upon two tracts of adjoining lands of different owners, by a trespasser, and the whole was so intermixed by him or persons claiming under him, that the part belonging to each owner could not be distinguished and the owner of one tract seized and took possession of the whole ; *it was held*, that one claiming under the wrongdoer, could not maintain an action of *trespass* against him for such taking.

TRESPASS *de bonis asportatis*, for a quantity of cedar railroad sleepers, juniper knees, shingles, and juniper timber.

At the trial, before WELLS, J. it appeared, that the lumber was cut in the winter of 1840–1, by one *Samuel Potter*, a part on the land of defendant, and a part on land of *Timothy Boutelle*, the two tracts being contiguous in the town of Alton. The timber was hauled by *Potter* into a brook, for the purpose of being floated to market, and in the following spring, it was run down to the Penobscot river above the town of Orono, where it was rafted into eleven rafts, six of which were run to Bangor immediately afterwards, and delivered by *Potter* to plaintiff, to be held by him to pay what Potter owed him, and the balance to be paid to *Potter*, the plaintiff having supplied Potter while cutting the lumber. The other

rafts were taken by defendant near Oldtown as his property, and soon afterwards he came to Bangor, and took the remaining six rafts out of the possession of plaintiff.

*Potter* was a trespasser on both tracts, and there were no marks upon any of the timber.

With other rulings, the Court instructed the jury, that if a part of the lumber was cut on Ware's and a part on Boutelle's land, and was all mixed together in such a manner, by those who cut it, that the part cut on Ware's land, could not be distinguished from what was cut on Boutelle's land, then Ware had a right to take the whole, and this action of trespass could not be maintained; also, that if the rafts taken by the defendant near Oldtown, contained more than all the timber cut from his land, it would make no difference *where* he took it, (he intending to take all the timber cut as aforesaid,) if they found that the timber was intermingled, and could not be distinguished as before stated.

The jury returned a verdict for defendant, and the plaintiff excepted.

*Kelley* and *McCrillis*, for plaintiff.

1. The rule of law, that where one mixes his own with another's goods so that it is impossible to distinguish and identify what belonged to each, the entire property passes to him, whose original dominion was invaded, applies only to cases of *fraudulent* intermixture of goods. 21 Pick. 305. Fraud is not to be presumed, and whether there was any fraud, was a question which should have been submitted to the jury.

2. If there was fraud in Potter, who cut the lumber and intermingled it, the plaintiff being an innocent purchaser, is not to be affected by it. 14 Mass. 137; 10 Johns. 185; 20 Pick. 247; 6 Shepl. 391; 1 Peters, 46.

3. Where one innocently mixes his own with another's goods, each retains his ownership in his proportion, and neither party has a right to retain or take more than his proportion, and if one takes more than his proportion, he is a trespasser. 11 N. H. 558; 21 Pick. 306.

4. The articles, for which this action is brought, are not that kind of property, to which the law of confusion of goods applies. Inst. Lib. 2, title 1, § 27; Story on Bailments, § 40; 15 Vesey, 432; 20 Maine, 287.

5. The instruction should have been qualified, that if defendant *knew* he was taking lumber, which did not belong to him, he was responsible in trespass.

6. If there could be no division of the identical goods, there should be a division in value. Defendant having taken five rafts at Oldtown, and that being more than his share, was a trespasser in coming to Bangor and taking plaintiff's share.

*Kent* and *A. W. Paine,* for defendant.

HOWARD, J. — This was an action of *trespass de bonis asportatis,* for a quantity of cedar railroad sleepers, juniper knees, shingles and juniper timber. There was evidence, as stated in the exceptions, tending to show that the lumber was cut in the winter of 1840–41, by Samuel Potter, a trespasser, on two contiguous tracts of land, and hauled into a brook, to be floated down to a market. That one of the tracts of land, was owned by the defendant, and that the other, called the college land, was owned by Timothy Boutelle. That in the spring following, the timber was run down to the Penobscot river and rafted into eleven rafts, six of which were run to Bangor, immediately after by Potter, and "delivered to the plaintiff to pay him what Potter owed him, and the balance to be paid to Potter, (the plaintiff having supplied Potter while cutting the lumber.") "That Potter was a trespasser on both lots, on which he cut the timber;" and that "there was no other intermingling of the timber cut from both tracts, except that the logs were hauled into the same brook, at the same landing, and afterwards rafted into the same rafts, there being no marks on any of the timber."

The defendant took the five rafts at Oldtown, as his property, and soon after took the remaining six rafts out of the possession of the plaintiff, at Bangor.

The instructions to the jury, to which exceptions were taken and urged in the argument, were: —

1. That, if a part of the lumber was cut on the defendant's land, and a part on the college land, and the whole was mixed together in such a manner, by those who cut it, that it could not be distinguished, the defendant had a right to take the whole, and that this action of trespass could not be maintained.

2. That if the defendant did take the five rafts at Oldtown, and if they amounted to more than all of the timber cut from his land, it would make no difference where he took it, if he intended to seize all of the timber cut as before mentioned, if they found that it was intermingled, and could not be distinguished as before stated.

If one take the goods of another, as a trespasser, he does not thereby acquire a title to them, and cannot invest another with a title; but the original owner may follow his property and reclaim it from the trespasser, or any other person claiming through him, so long as the identity can be established.

If the timber taken by Potter, as a trespasser, from the land of the defendant, was so mingled with the other timber taken by him from the college land, that it could not be distinguished, it would produce what is denominated a confusion of goods. *Loomis* v. *Green*, 7 Greenl. 393; *Wingate* v. *Smith*, 20 Maine, 287; *Hazeltine* v. *Stockwell*, 30 Maine, 237; *Ryder* v. *Hathaway*, 21 Pick. 298; *Willard* v. *Rice*, 11 Metc. 493; *Betts* v. *Lee*, 5 Johns. 348; *Curtis* v. *Groat*, 6 Johns. 168; *Babcock* v. *Gill*, 10 Johns. 287; *Brown* v. *Sax*, 7 Cowen, 95; *Treat* v. *Barber*, 7 Conn. 280; *Barron* v. *Cobleigh*, 11 N. H. 558.

Where the confusion or commixture of goods, is made by consent of the owners, or by accident, and without fault, so that they cannot be distinguished, but the identity remains, each is entitled to his proportion.

This was also the doctrine of the civil law. (Just. Inst. Lib. 2, tit. 1, § 27, 28.)

But if such intermixture be wilfully or negligently effected by

one, without the knowledge or approbation of the other owner, the latter would be entitled by the common law, to the whole property, without making satisfaction to the former, for his loss. The civil law, however, required the satisfaction to be made. Browne's Civil Law, 243 ; *Ward* v. *Ayre*, Cro. Jac. 366; 2 Black. Com. 405; 2 Kent. Com. 363, 364, where the civil law is stated differently by the learned Chancellor, page 364 ; Story's Com. on Bailments, § 40 ; *Lupton* v. *White*, 15 Vesey, 440 ; *Hart* v. *Ten Eyck*, 2 Johns. Chan. 62.

If the defendant found his timber, which had been wrongfully taken from his land, mingled with other timber, in the manner stated in the evidence, so that it could not be distinguished, he had clearly a right to take possession of the whole, without committing an act of trespass, even if he may be held to account to the true owner for a portion of it. He had, at least, a common interest in the property, and in taking possession, he asserted only a legal right. Inst. Lib. 2, tit. 1, § 28 ; Story's Com. on Bailments, § 40.

In any view of the case, upon the facts presented, the instructions were correct. *Exceptions overruled.*