## MOODY *versus* WHITNEY *& als.*

In an action of trover for the conversion of timber, where the defendants' possession has been uninterrupted, the measure of damages is its value when first separated from the freehold.

EXCEPTIONS from *Nisi Prius,* SHEPLEY, C. J., presiding.

TROVER, to recover the value of certain mill-logs, alleged to have been taken by defendants from plaintiff's land.

The evidence tended to show, that the defendants cut trees on the plaintiff's land, and divided them into mill-logs, and caused the logs to be hauled two or three miles and laid upon another piece of plaintiff's land, near his mill, whence they rolled them into the stream and converted them to their own use; and that the value of the logs was greater than where they were cut, by the expense of hauling or something like it.

The counsel for plaintiff contended that the measure of damages should be the value of the logs at the place near the mill, where defendants took them.

On this point the instruction was, that if plaintiff was entitled to recover, the measure of damages must be the value of the logs when they first became personal property after the trees were first cut down.

The jury under that and other instructions found a verdict for plaintiff, and assessed damages at $17,66.

To this instruction the plaintiff excepted.

*Ingalls,* with whom was *Ruggles,* in support of the exceptions.

When trees are taken and sawed into timber, the owner may reclaim them in their new and improved state. The increased value belongs to the rightful owner of the property. This rule is not departed from in trover, unless the thing converted has been annexed to and made a part of some other thing of which it becomes the principal. Sedgwick on Damages, p. 507.

Where logs cut on plaintiff's land were drawn to defendant's mill and converted into boards, it was held the owner was entitled to recover the value of the boards. *Brown* v. *Sax,* 7 Cowen, 95.

In this case, the logs were hauled to plaintiff's, not to defendant's mill, as in the case cited. He does not claim the value of the boards as he might have done. There had been a previous *trespass.* But the *conversion* alleged was a distinct and subsequent act in taking the logs from plaintiff's possession at or near his mill.

But it would have been competent for the jury to adopt the measure of damages contended for by us, if the conversion had been at the time and place of the felling of the trees. *Greening* v. *Wilkinson,* 1 C. & P. 625; 2 Greenl. Ev. § 276; *Greenfield Bank* v. *Leavitt,* 17 Pick. 3; *Baker* v. *Wheeler,* 8 Wend. 505; *Bucknam* v. *Nash,* 12 Maine, 474.

Where there has been no increase of value, or other reason calling for the application of a different rule, the measure of damages is always the value at the time of conversion *with interest.*

In the case of *Cushing* v. *Longfellow*, 26 Maine, 306, the Court admit that a different rule as to damages prevails in *trover* from what was laid down in that case.

*Lowell & Foster, contra,* cited *Cushing* v. *Longfellow,* 26 Maine, 306.

TENNEY, J. — The question presented in this case is, whether the plaintiff, if entitled to recover in the action, can have in damages the value of the timber at the place where it was deposited, which was two or three miles nearer the destined market, than the spot where the trees were cut; or, is he limited in damages to their value, where they were first severed from the freehold?

In England, it has been held, that the jury are not restricted to find as damages the mere value of the property, at the time of the conversion, but they may find as damages the value at a subsequent time in their discretion. *Greening* v. *Wilkinson*, 1 Car. & P. 621. And the doctrine in the case of *West* v. *Wentworth*, 3 Cow. 82, is somewhat similar. But in Massachusetts, the Court say, "We adhere to the value at the time, as a rule, which works well; and its certainty is quite an equivalent for its occasional want of perfect exactness." *Greenfield Bank* v. *Leavitt*, 17 Pick. 1. And it is believed, that the rule in *Greening* v. *Wilkinson*, has never been practically adopted in this State.

When the property has undergone some change after it was first taken, by additional labor being bestowed upon it, or by other materials being connected with it, the original owner has been allowed to take it, unless the identity of the thing be destroyed, or by annexing it to, and making it a part of some other thing, which is the principal; or by changing its nature from personal property to real estate. Cloth made into a garment, leather into shoes, trees squared into timber, and iron converted into bars, may be reclaimed by the original owner in their improved condition. Viner's Abr. Property (E) pl. 5; *Betts* v. *Lee*, 5 Johns. 348; *Curtis* v. *Groat*, 6 Johns. 168.

It has been held in some cases, that in an action of trover for property alleged to have been converted, the value of the property in its new and improved state, is the measure of damages, thereby allowing the original owner to receive, not only the value of the property when first converted, but all that has been added to it, provided its identity remains.

*Brown* v. *Sax,* 7 Cowen, 95, was trover for logs cut on the plaintiff's land, and afterwards drawn to the mill of the defendant, who converted the boards; the damages were held to be the value of the boards. In *Baker* v. *Wheeler,* 8 Wend. 505, it appeared that saw-logs, proved to have been the plaintiff's, when cut by the servant of the defendants and hauled to Fort Edward, and sawed into boards and plank by them, in trover for the *logs,* the measure of damages, was held to be the value of the sawed stuff and interest thereon. If, in these cases, there was no evidence of a distinct conversion, after the logs had been converted into boards and plank, the rule for the damages seems not only to be a departure from the principle, that the damages shall be the value of the article at the time of the conversion, and interest thereon, but at variance with adjudged cases.

In the case of *Morgan* v. *Powell,* 3 Adol. & Ellis, N. S. 282, which was *trespass* for taking coal from the plaintiff's mine, the damages were adjudged to be the value of the coal, immediately after it was severed. The Court relied upon and adopted the rule in *Martin* v. *Porter,* 5 M. & W. 351, which was, that the plaintiff was entitled to the value of the coal as a chattel, " at the time the defendant began to take it away;" that is, (as there stated,) as soon as it existed as a chattel; which value would be the sale price, at the pit's mouth, after deducting the expense of carrying the coals, from the place in the mine where they were got, to the pit's mouth. And in *Wood* v. *Morewood,* before PARK, B., he told the jury that they might give damages, under the count in *trover,* the value of the coals, at the time they became chattels, on the principles laid down in *Martin* v. *Porter.* It is understood by the report of the case, that the

one last named was *trespass* for coals after they were sev-ered, but the principle was held to apply to the action of *trover* for the same reason. And it is difficult to perceive why a more rigid rule should be applied to a defendant in an action of trover, than to one of trespass.

If, however, the original owner chooses to possess himself of the same property, with its accretions after the conver-sion, and it is again converted, there is no good reason, why the taker, whether he is the one who originally took it, or a stranger, should not be holden to pay the value which it had when last converted. And a demand by the owner and a refusal by the taker, after it had passed into an improved condition, might be regarded as evidence of a conversion, after the first taking, which might admit of the same rule of damages. *Cushing* v. *Longfellow*, 26 Maine, 306.

A strong analogy exists between an article wrongfully converted, and afterwards changed into an improved state without losing its identity, and goods fraudulently mingled with other goods; in which case, if the mixture is undistin-guishable and a new ingredient is formed, not capable of a just appreciation and division, according to the original rights of each, then the party who occasions the wrongful mixture must bear the whole loss. But if the party who would be entitled to the whole of the mixture, makes no at-tempt to obtain the whole, but resorts to his action of trover, the damages would be, not the value of all that which he might rightfully take, but only of that which was first wrong-fully converted by the act of mingling.

In the case before us, the evidence tended to show, that the defendants caused the timber standing on the plaintiff's land to be cut down and cut into mill-logs, and hauled two or three miles, and deposited on other land of the plaintiff. Farnsworth, one of the defendants, states in his letter to the plaintiff, that he became interested in the timber as a pur-chaser of the other two defendants, in the winter and spring of 1848, that Whitney and Kimball cut and hauled the logs, and that he was on the land before the timber was cut, and

several times while they were cutting, and the timber was afterwards landed near Sabattis river, on the plaintiff's land, and subsequently the defendants rolled it into the river and converted it to their own use. A part of the lumber purchased by Farnsworth was surveyed in the woods, and a part on the plaintiff's land before it was turned into the stream. The jury must have found, that all the defendants were engaged in cutting the timber from the stumps, and hauling therefrom, and the statements in the letter are not inconsistent with such finding.

It does not appear, that any possession was taken by the plaintiff of the timber, after it was landed near his mill, although it was still upon his land; neither does it appear that he made any demand therefor at that place; and there is no evidence of a conversion by the defendants after they began to take away the timber from the place where it originally stood, it being constructively in their possession during the whole time. *Exceptions overruled.*

*Judgment on the verdict.*

APPLETON and CUTTING, J. J., concurred.