Nash, C. J.
 

 The question in this case turns entirely upon the point, in whose possession were the shingles at the time the defendant took them away. The doctrine of specification is a branch of that of artificial accession, and consists in the making of a new species of article out of materials of a different nature belonging to another person. 1 Bouvier’s Institutes, 198, 199. It is difficult, says the same writer, to reduce to general and precise rules the right of accession. A great contrariety of opinion exists in the English Courts as well as in those of this country, as to the rights of the owner of the materials manufactured, and the manufacturer. The principle seems to be, that if the manufacturer takes the material fraudulently as to the owner, by converting it into another species, he acquires no title to the article in its new form, and the original owner may recover the manufactured article; but if he took it by mistake, believing it to be his, the article belongs to him, and he is answerable only for the materials used. 2 Kent’s Com. 362-3 ;
 
 Sillsbury v. McCoon,
 
 6 Hill’s Rep. 425; 2 Blk. Com. 404;
 
 Betts
 
 v.
 
 Lee,
 
 5 John. 348. It is unnecessary to decide that question as between the owner of the material aud the manufacturer of the article. Our case steers clear of it. The action is in trespass
 
 de bonis asjpo?'tatis.
 
 To sustain the action of trespass it is not necessary the goods taken should be in the
 
 actual
 
 possession of the plaintiff at the time of taking; a virtual possession will be
 
 *374
 
 sufficient against one who is a mere wrong-doer. 3 Bl. Com. 150. Whatever, therefore, may be the principle between the owner of the original article and the manufacturer, the latter, by the labor he has expended upon the article, acquires a j title against all the world, except the owner of the material. In this case, th® plaintiff cut the timber out of which the shingles were manufactured, on the public land, and piled and left them there. The land was subsequently granted to the son of the defendant, and the latter earned them off with the assistance of the son. The defendant had no title to the shingles, nor had the son. The grant of the land did not convey every tiling that was accidentally upon its surface, and unattached to the soil; if that were so, then all the cattle, horses and hogs which belonged to others, which might have strayed upon the land, and been there at the time of the grant, would pass with it, no matter to whom belonging previously thereto. The shingles were manufactured by the plaintiff, and they were, therefore, his property, against all the world, but the owner of the original material, out of which they were manufactured- In
 
 Armory
 
 v. Delamirie, 1 Str. 505, the action of trover was sustained by the chimney-sweep, who had found the jewel, though‘the true owner was unknown, the defendant having no_ right to detain it. In the case before us, the shingles were left where they were manufactured; and as they were made by the plaintiff for his own use, they were left with the
 
 a/nimus remriendi~\h.&j
 
 were not abandoned by him, nor were they derelict. If I kill a deer on my neighbor’s land and hang it up, it evidences my purpose to retain my possession, and if it is taken and carried off by a person having no title, I can maintain an action either of trover, or trespass
 
 de bonis asjoortatis.
 

 Per Curiam.
 

 Judgment affirmed.