# IN GENERAL TERM, 1872.

FRANCIS L. FARMAN, Appellant, *v.* CHARLES L. RATCLIFF *et al.*

### Appeal from BLAIR, Judge.

A mechanic may waive his lien by delivering the goods before payment, or accepting security for their price. His refusal to deliver on demand in the latter case, will not work a conversion of the goods, if such refusal was, by reason of his ignorance as to whether or not the debt was secured, nor can the person in such case, making the demand, recover the price of the goods because of such refusal.

On a demand for goods, the payment of which has been secured at a distant day, the manufacturer, when he is not in a condition to know, will be entitled to a reasonable time to ascertain the character of such security, before delivering the goods.

*J. S. Harvey,* for appellant.

*Beck & Cale,* for appellees.

RAND, J.—This was a suit for the recovery of the value of certain articles manufactured by defendants for plaintiff, at his request.

The cause was tried at Special Term by the Court, and finding and judgment for defendants.

The facts are as follows: The plaintiff, who resides in Indianapolis, went to Cincinnati, and employed the defendants, who were mechanics, and machinists at that place, to manufacture certain articles which plaintiff wished to use in his business. The defendants agreed to manufacture the articles, and plaintiff agreed to pay for the same on delivery. The articles were manufactured, and the plaintiff was notified

2

Farman *v.* Ratcliff *et al.*

that they were ready for delivery. Plaintiff failed, for some reason not disclosed in the record, to pay for them, and defendants sued him in Cincinnati, and recovered judgment for their price. Afterward defendants sued plaintiff here on the transcript of the judgment obtained in Cincinnati, and obtained a judgment here which the plaintiff replevied, but did not pay, and went to Cincinnati, and demanded possession of the manufactured articles. The plaintiff says: "I asked him (Ratcliff) if the things were ready, saying I had come for them. He then asked me if I had given security for their claim. I told him that the matter was in the hands of his lawyers. He then said I could not have them until he saw Mac. I then again demanded the goods in their office. He made no answer. He then walked out on the sidewalk. I followed him, and after reaching the sidewalk, I again demanded of him to deliver to me the articles. He made no answer, but without making any remark, walked down the street, and I did not see him any more."

The defendant, Ratcliff, testifies as follows: "He called at my shop, and he asked me could he have those machines, and I told him he could have the machines, but I would have to see my attorney first, but not before I saw my attorney. There were two men in his company on that occasion, whose names I do not know, and there was no person else present. He brought no vehicle to take the goods away. He said when he came he wanted to get those things, and I told him he could not have them until I saw my lawyer. I went to see Mr. Kline to stay at my shop while I was absent; and I could not find Kline, and I returned to the shop, and found Farman and his two friends gone. I was gone from the shop not more than a minute. I then immediately went and saw my lawyer, and within ten minutes returned to the shop. I then gave instructions to my workmen to deliver the goods to plaintiff, or his agent, if they should return. He, nor they never returned to the shop since."

It is a well settled principle of law, that a mechanic has a lien upon the manufactured goods for the price, unless he waives it. This he may do by delivery of the goods before payment, or accepting security on time. The evidence in this case establishes the facts that the goods were to be paid for on delivery, and that defendants refused to deliver them because they were not paid for. Defendants sued plaintiff, and recovered a judgment for the price, which judgment plaintiff replevied, and then demands the goods.

The plaintiff's and defendant's testimony, above quoted, shows some discrepancy as to what took place at this last demand. But to give it the most favorable construction for the plaintiff, it shows that defendant declined to waive his lien until he had received his pay, or the debt was secured. He asked plaintiff if he had secured the debt, but plaintiff, instead of informing him he had replevied the judgment, said it was in the hands of his lawyer. Defendant then said he must see his lawyer before he would surrender the goods, and immediately went to see him, and when he returned, after an absence of about ten minutes, plaintiff was gone. In such a case, the defendant was entitled to reasonable time to see his attorney. 2 Hilliard on Torts, page 121.

We do not think the refusal such a one as to amount to a conversion of the goods, nor can the plaintiff recover the price of the goods because of such refusal.

The Judge trying the case so found, and we can not disturb the finding.

We do not think it necessary in this case to decide whether the plaintiff's replevying the judgment was a discharge of the defendant's lien on the goods.

Judgment affirmed.

Note.—A vendor who takes a bill of exchange, or promissory note, as a security for the price, loses his lien—1 *Camp.*, 427; 3 *Scott*, 298; 2 *Bing.* (N. c.) 755; 2 *Hodges*, 51—and it has been held—4 *B. & Ad.*, 568; 2 *C. & M.*,

505, 512—that the lien does not revive on the dishonor of the instrument, if it be then outstanding in the hands of a third person, although it would be otherwise if it were then in the hands of the vendor himself. 1 *M. & S.*, 535, 544; 3 *C. B.*. 808, 829.

The general rule of law is, that where there is a sale of goods, and nothing is specified as to delivery, or payment, there still results to the vendor, out of the original contract, a right to retain the goods until payment of the price. 2 *Pick.*, 212, 515; 6 *Pick.*, 280; *Newball* v. *Vargas,* 15 *Maine,* 315.

See Sedgwick on Damages, p. 288 *et seq.*

"If the plaintiff recovers the value of the property, and the judgment is satisfied, there would seem to be no doubt that the title to the property should, and does vest in the defendant, he having paid its value—3 *Barnwell & Cresswell's Rep.*, 196. But how far this transfer of title depends on the judgment, and how far on its satisfaction, seems by no means clear; and the better opinion would appear to be, that if the judgment is not for the value of the property, or if it remain unpaid, the title is unaltered. *Sedgwick on Damages,* 575. *See also Barb* v. *Fish,* 8 *Blackf.,* 481; 8 *Cowen,* 43; 3 *Common Bench Rep* , 266.

The *obtaining* of the value by the plaintiff operates as a transfer of the title from the time of the conversion. 18 *Md.,* 468.—[REPORTER.