## Case No. 15,705.

### UNITED STATES v. MADDEN.

[1 Cranch, C. C. 45.] [1]

Circuit Court, District of Columbia. Dec. Term, 1801.

#### CRIMINAL LAW—PRESENTMENT.

The court may order an indictment to be sent to the grand jury without a previous presentment for the same offence.

Indictment [against Dinah Madden, alias Hopewell] for stealing. Verdict for the prisoner. The testimony appearing to justify an indictment for receiving stolen goods, THE COURT ordered such an indictment to be sent to the grand jury.

KILTY, Chief Judge, contra, was of opinion that there ought to be a previous presentment by the grand jury upon which to found the indictment. The prisoner was remanded.

---

## Case No. 15,706.

### UNITED STATES v. MAGILL.

[See Case No. 15,676.]

---

## Case No. 15,707.

### UNITED STATES v. MAGOON.

[3 McLean, 171.] [2]

Circuit Court, D. Illinois. June Term, 1843.

#### PUBLIC LANDS—DIGGING ORE—TRESPASS—GIST OF ACTION.

1. In trespass for digging and carrying away lead ore from the lands of the United States, they are not entitled to recover, as damages, the value of the ore after it is dug.

[Cited in brief in Illinois & St. L. Railroad & Coal Co. v. Ogle, 92 Ill. 358; Waters v. Stevenson, 13 Nev. 157.]

2. The injury done the soil is the gist of the action; and ore extracted must be considered in aggravation of the damages.

[Cited in Barton Coal Co. v. Cox, 39 Md. 24; Foote v. Merrill, 54 N. H. 493; Waters v. Stevenson, 13 Nev. 157.]

3. A trespasser is not to be placed on the same footing with a lessee.

At law.

Mr. Butterfield, U. S. Dist. Atty.
Mr. Logan, for defendants.

OPINION OF THE COURT. This is an action of trespass, charging the defendant with digging and carrying away a large amount of lead from the lands of the United States. The defendant suffered a default, and the jury was sworn to assess the damages, &c. It was proved that defendant entered upon the lands of the United States, dug a large quantity of ore, and conveyed it away. The plaintiffs contended that they are entitled to the value of the ore, after it was dug; but the court instructed the jury, that that was not the measure of damages, but the injury done to the soil by the trespass. That the digging and carrying away by the same person, is presumed to be a continuous act, and the lead ore removed must be considered in aggravation of the trespass upon the soil. Neither is the rate at which leases are made for these mineral lands, a proper criterion of damages. A trespasser is not to be put upon the footing of a lessee.

The jury assessed the damages at —— dollars. Judgment.

---

## Case No. 15,708.

### UNITED STATES v. MAGUIRE.

[3 Cent. Law J. 273; [1] 22 Int. Rev. Rec. 146.]

Circuit Court, E. D. Missouri. April 8, 1876.

#### INTERNAL REVENUE—COLLECTOR—INDICTMENT FOR CONCEALING FRAUDS—CUMULATIVE JUDGMENTS.

The defendant pleaded guilty to five counts of an indictment charging him, respectively, with having knowledge and information of frauds upon the revenue, committed at different times by five different distillers. *Held*, that the defendant should be sentenced as for one offence; but the general question as to the power to render cumulative judgments was left open for further consideration.

[Distinguished in Ex parte Peters, Case No. 11,027.]

W. H. Hatch and A. J. P. Garesche, appeared for defendant, but under instructions from their client, did not argue the question of cumulative punishments.

Lucien Eaton, for the district attorney, contra, limited his argument to the reading of a section from Wharton's Criminal Law.

Before DILLON, Circuit Judge, and TREAT, District Judge.

DILLON, Circuit Judge (orally). In this case an indictment was found under section 3169 of the Revised Statutes, he being, at the time of the transactions set forth in the indictment, the collector of internal revenue for this collection district. Section 3169 provides that every officer or agent appointed and acting under the authority of any revenue laws of the United States,

(1) Who is guilty of any extortion. . . .

(9) (The section under which this indictment was framed.) Who having knowledge or information of the violation of any revenue law by any person, or of fraud by any person, against the United States, under any revenue law, fails to report in writing such knowledge or information to his next superior officer, and to the commissioner of internal revenue, . . . shall be dismissed from office, and shall be held to be guilty of a misdemeanor,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reprinted from 3 Cent. Law J. 273, by permission.]