BENJAMIN WINGATE & *al. versus* JOSEPH SMITH.

The mere taking by one man of the mill logs of another and mixing them with his own, will not constitute confusion of goods; but if he fraudulently takes the logs and manufactures them into boards and intermixes those boards with a pile of his own, so that they cannot be distinguished, with the fraudulent intent of thereby depriving the plaintiff of his property, the *owner of the logs* thus taken may maintain replevin for the *whole pile of boards.*

Although the owner may claim his property after it has undergone a material change, yet if he would replevy it, he should describe it as it existed at the time of the commencement of his suit. If mill logs be fraudulently converted into boards before the writ of replevin is sued out, the owner should describe the property as boards in his writ. He cannot describe it as mill logs, and recover boards.

It is a good defence, in an action of replevin, *under the general issue,* that the writ was sued out before the cause of action accrued.

ON the trial of this action of replevin, before EMERY J., the counsel for the defendant requested the Judge to instruct the jury on certain points of law. The requests made, pertinent to the grounds of decision, are stated in the opinion of this Court; as are also the facts, appearing in the report of the case. On the subject of confusion of goods, the Judge instructed the jury, that merely taking the mill logs and fraudulently mixing them with the defendant's logs, would not constitute confusion of goods. But that if from the evidence, they believed that the defendant had fraudulently taken the plaintiffs' logs of the marks in proof, and had fraudulently manufactured them into boards, and fraudulently intermixed those boards in a pile of his own, so that they could not be distinguished, with the fraudulent intent of depriving the

plaintiffs of their property, the jury might find a verdict for the plaintiffs for the boards in the raft in question ; provided they were satisfied, that any of the boards in the raft were by the defendant so fraudulently manufactured from the plaintiffs' logs, and by the defendant fraudulently intermixed with the defendant's boards, with the intent of depriving the plaintiffs of their property. The verdict for the plaintiffs was to be set aside, if the instructions requested ought to have been given ; or if those given were erroneous.

This case was argued June 29, 1840, and the opinion of the Court, WHITMAN C. J. and SHEPLEY and TENNEY, Justices, was delivered July 2, 1842.

*Rogers* argued for the defendant. In his remarks as to what constituted a confusion of goods, he cited 2 Kent's Com. 360 to 365 ; and *Betts* v. *Lee*, 5 Johns. 349. To show that it was necessary to describe the property in a writ of replevin as it then was, he cited 2 Saund. 74, note ; Oliver's Precedents, Replevin.

*J. Appleton* argued for the plaintiffs, and cited 2 Rawle, 423 ; 6 Johns. 168 ; 7 Cowen, 95 ; *Ryder* v. *Hathaway*, 21 Pick. 298 ; 13 Wend. 296 ; 2 Johns. Ch. R. 62 ; 15 Serg. & R. 9.

The opinion of the Court was by

SHEPLEY J.—The suit is replevin for several rafts of boards designated by certain marks. One raft only was replevied. The defendant pleaded the general issue, and by a brief statement alleged the property to be in himself and two other persons named. It appears from the report of the case, that the plaintiffs were the owners of logs distinguished by certain marks ; and that the defendants caused another additional mark to be placed upon them by which they would become marked like his own and partner's logs. The boards composing this raft were sawed from logs bearing this mark, but how many of them from logs before marked for the plaintiffs did not appear. They were sawed and piled together, so that those sawed from

logs of the plaintiffs could not be distinguished from those sawed from logs of the defendant and partners. And a question was made whether the plaintiffs were entitled to recover the whole lot of boards or only so many as could be proved to have been sawed from their own logs. It has been decided, that the owner of logs may reclaim his property although it has undergone an alteration, and assumed a different shape, as by being converted into shingles or boards. *Betts* v. *Lee*, 5 Johns. 349 ; *Brown* v. *Sax*, 7 Cowen, 95. In the case of *Ryder* v. *Hathaway*, 21 Pick. 298, the doctrine of confusion of goods was considered when applied to wood, which had been cut from the land of one of the parties; and the principles there stated would authorize the instructions which were given on that point in this case.

Upon another point made in the case, the presiding Judge was requested to instruct the jury " that if they believed, that the raft in suit at the time of suing out the plaintiff's writ was not manufactured, that after said suit they were sawed into boards, that the boards in the spring of 1836 were rafted at the mills and had no existence as a raft prior to the spring of 1836, that the same were not repleviable in the present suit; and that their verdict should be for the defendant." If it appeared from the report, that the logs had been sawed into boards before the commencement of the suit, the argument for the plaintiffs might be correct, that the description of the property in the writ should be regarded as applying to the boards, whether placed in a raft or in a pile at the mill. And that whether defectively or properly described should not be the subject of inquiry under these pleadings. The property claimed would in such case be ascertained, though a part of the description should appear to be false. But the report states that " these boards were rafted from the mills at Lower Old Town, in the spring of 1836, and came from a pile which were manufactured from the logs in the fall or winter preceding." The writ was sued out on the fifteenth day of October, 1835, and from such a statement it cannot be inferred, that any of the logs were sawed into boards before the commencement of the

suit. Although the owner may claim his property after it has undergone a material change, yet if he would replevy it, he should describe it as it existed at the time of the commencement of the suit. He cannot describe logs in his writ and claim to recover boards or shingles made from them ; or describe boards and shingles, and claim to recover mill logs. When the property has been so materially changed, a new right of action arises to reclaim it by replevin in that shape, which it has assumed. It is a good defence, under the general issue, that the writ was sued out before the right of action had accrued, and it cannot be made by plea in abatement. *Facquire* v. *Kynaston*, 2 Ld. Raym. 1249. The Judge instructed the jury on this point " that it was an incorrect mode of proceeding to claim in the process of replevin a raft of boards marked in a certain way, which raft at the time of the issuing of the writ had no existence." This did not meet fully the point of the defence, as it applied only to the existence of the boards in a raft ; not to the allegation, that the boards had not then been sawed from the logs. And the instruction did not state the effect, which a failure to prove, that some of the boards had been sawed before the commencement of the suit, would have upon it. And for this cause the verdict is set aside and a new trial granted.