30　481,
109　124,

## JOHN GOLLER, AND F. HOFFMAN v. CHARLES FETT, SAMUEL LARRABEE, AND WM. DAVIS.

TENANTS IN COMMON MAY JOIN IN AN ACTION.—Tenants in common in a mine, each owning undivided interests acquired at different times, may sue jointly to recover possession of all of their several undivided interests.

VERBAL SALE OF MINING CLAIM.—A verbal sale of a mining claim, even if accompanied with a delivery of possession, does not pass the legal title.

DAMAGES FOR TRESPASS ON MINING CLAIM.—The damages for wrongfully removing the gold bearing earth from a claim, and extracting the gold therefrom, are, the value of the gold less the expense of digging the gold bearing earth and separating it from the realty, so as to make it personal property.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The plaintiffs averred in their complaint that they were, on the 8th day of January, 1866, the owners of and in possession of seven twelfths, undivided, of a tract of mining claims at Forrest Hill, Placer County, known as the Uncle Sam Claims, and that defendants then ousted them therefrom.

The answer set up that the claim which the plaintiffs made to said seven twelfths was not of a joint but several interest

therein, and that for said reason the plaintiffs were improperly joined as such in the action.

On the trial Goller and Hoffman testified that they made verbal purchases from Benfeldt of interests in the Uncle Sam Claims, Goller of four twelfths, in April, 1865, and Hoffman of three twelfths, in August, 1865. Fett, one of the defendants, purchased the Uncle Sam Claims from Benfeldt, and received a deed duly acknowledged from Benfeldt, dated January 3d, 1866. The other defendants were Fett's hired hands. When Fett purchased he went into possession of the entire claim. Goller and Hoffman had been working in the claims with Benfeldt up to the time of Fett's purchase.

After the testimony of plaintiff had closed, defendants moved for a nonsuit, because, among other reasons, if plaintiffs had any interests in the mine they were several and acquired at different times, and they could not maintain an action jointly to recover them.

The Court denied the motion.

The mine was worked through a tunnel several hundred feet in length, extending into the side of a mountain, and the gold bearing earth was obtained by drifting the gravel to the height of five or six feet above the bed rock.

Plaintiffs, in making out their case, proved the amount of gold defendant had taken out of the claims, and claimed as damages seven twelfths of its value. Defendants offered to prove by a witness, in order to reduce damages, what was the expense of digging the gravel and transporting it to the mouth of the tunnel, where it was washed. The Court, on objection of plaintiff, rejected the testimony.

The Court instructed the jury that, if the jury believed from the testimony that Benfeldt owned the Uncle Sam mining ground, and while he owned and possessed the same he made a verbal sale of interests therein to plaintiffs, then if plaintiffs entered into possession under the verbal sale, such verbal sale was as valid and effective to convey title as a written bill of sale.

The defendants' attorney excepted to the charge.

Plaintiffs recovered judgment for the possession of the seven twelfths of the claim, and for the value of seven twelfths of the gold dust taken out, as damages.   Defendants appealed.

The other facts are stated in the opinion of the Court.

*Charles A. Tuttle*, for Appellants, argued that plaintiffs acquired no title by their purchase, because it was not in writing, and mining claims were real estate; and cited *Merritt* v. *Judd*, 14 Cal. 64; *Watts* v. *White*, 13 Cal. 324; and *Leigh Co.* v. *Independent Co.*, 8. Cal. 323.   He argued that the plaintiffs confessed that the property in dispute was realty by the form of action they had chosen, and by describing in their complaint a tract of land and averring prior possession.   He also argued that property in minerals, unsevered from the land, was in the owner of the fee, and that an estate in minerals was an estate in land; and cited Collyer on Mines, Marg. 2–4.

He contended also that the Statute of Frauds did not permit any legal interest in a mine to be sold, except by instrument in writing, and cited Collyer on Mines, Marg. 7–9, and that the Act of 1860, allowing conveyances of mining claims to be evidenced by bills of sale in writing, could not be construed as permitting verbal conveyances, but only authorized written conveyances in a particular mode.

*Jo Hamilton*, for Respondents, argued that plaintiffs were not improperly joined; and cited Laws 1857, p. 62; and *Touchard* v. *Keyes*, 21 Cal. 208.   He admitted that if respondent could not acquire title by verbal purchase that the Court erred in its instruction, but contended that a verbal sale, accompanied with a delivery of possession, conveyed a good title to a mining claim; and cited *Jackson* v. *Feather R. W. and M. Co.* 14 Cal. 18; *Table Mountain Tunnel Co.* v. *Stranahan*, 20 Cal. 208.   He argued that the vendor only had a possessory interest in the claim, and if a transfer in writing was requisite to pass title the vendor should hold a higher character of title than mere possession.   He argued that where the vendor merely went out and the vendee went into possession, no conveyance was necessary, and that the Act of

1860 only referred to such sales as the parties chose to have evidenced by conveyance in writing.

By the Court, SHAFTER, J.:

The plaintiffs sue to recover the possession of certain mining ground, of which they claim to be the owners to the extent of seven twelfths. The allegations of the complaint are denied in the answer, and the defendants plead specially, title in defendant Fett and a misjoinder of parties plaintiff. The plaintiffs recovered a verdict at the trial, on which judgment was duly entered for seven twelfths of the premises undivided. The appeal is from the judgment and from the order denying defendant's motion for a new trial.

Both parties claim under Benfeldt—the defendant Fett by a written conveyance, in due form, executed January 3d, 1866, and including the whole of the property; the plaintiffs by verbal sales and transfers of possession previously made—the sale to Goller being of four twelfths, made in April, 1865; that to Hoffman being of three twelfths, made in August of the same year.

First—Assuming the sales and transfers by Benfeldt to the plaintiffs respectively, they became thereby tenants in common of the mine, and as such were authorized to sue jointly under the Act of 1857. (Acts 1857, p. 62; *Touchard* v. *Keyes*, 21 Cal. 208.)

Second—The legal title to the seven twelfths claimed by the plaintiffs did not pass to them by the verbal sales and transfers of 1865. The point arises under the Act of 1860. (Acts 1860, p. 175.) It was considered *arguendo* in *Patterson* v. *Keystone Mining Company*, *ante*, 360, that the provision that " conveyances of mining claims may be evidenced by bills of sale or instruments in writing not under seal," contained in the first section of the Act, was mandatory, and that it was' intended that that method of conveying mining claims should exclude conveyances by parol, even though accompanied by a delivery of possession. The point, however, was not directly

adjudged in the case referred to, but it is now determined in conformity with the views therein expressed. The Court below, in opposition to this view of the effect of the Act of 1860, instructed the jury that if they found a verbal sale by Benfeldt to the plaintiffs respectively, accompanied by delivery of possession, that such verbal sales "would be as valid and effective to convey title as written bills of sale." This instruction was erroneous, and for anything we can know to the contrary, the jury may have based their verdict upon it, without reference to other instructions, presenting to the jury an alternative ground, on which, if found, the plaintiffs would be entitled to recover. We cannot, therefore, intend that the jury ever put their minds upon the question as to whether Fett bought in 1866, with notice of the equitable right of the plaintiffs which their entry and possession had perfected.

Third—The Court erred also in refusing to permit defendants to prove the expense of digging the gold bearing earth. The point was directly adjudged in *Maye* v. *Tappen*, 2S Cal. 306.)

Judgment reversed and new trial ordered.

SAWYER, J., concurring specially.

I concur in the judgment on the last ground discussed in the opinion of Mr. Justice Shafter, but I am compelled to dissent from the views expressed under the second point discussed. The construction adopted would, upon the same principles, render a conveyance of a mining claim under seal void, as well as a parol sale accompanied by a transfer of the possession to the vendee. I can gather from the language of the Act no intention on the part of the Legislature to abrogate any mode of conveyance before established. It seems to me that the only object of this particular provision was to remove a doubt before entertained by many as to whether a written conveyance of a mining claim required a seal to render it valid. I cannot think it was contemplated that a conveyance of a mining claim should be restricted to the form of conveyance permitted by the Act.

Mr. Justice SANDERSON expressed no opinion.