## M. J. KING v. C. H. RANDLETT.

CONVEYANCE OF MINING CLAIM. — Where K. acquired his interest in a mining claim by purchase, evidenced by deed or bill of sale, he was bound, for the purpose of showing title in himself, to produce the deed or bill of sale, or prove its loss, for the purpose of laying the foundation for the introduction of secondary evidence as to its contents.

PROOF OF CONTENTS OF WRITTEN INSTRUMENTS. — Where from the evidence it appeared probable that K.'s deed was left in a store, and K. only searched the store for it about one year after it had been left there, and inquiry was never made of N., who was the sole occupant of the store during said period, as to his knowledge or possession of the deed ; and N., although within the reach of the process of the Court, was not summoned as a witness, K.'s evidence alone of its loss was insufficient to lay the foundation for the introduction of oral proof of its contents.

EVIDENCE OF TITLE TO MINING CLAIM.—Where K. admitted he acquired his interest in certain company mining claims by purchase, which admission was not withdrawn, evidence that K. had acted as a member of the company, that the company had recognized him as a member and the owner of said interest, and that he had paid assessments to the company thereon, was irrelevant and incompetent to prove title to said interest in K.

IDEM.—Had K. claimed title as an original member of the company, then such proof would have been relevant and competent as tending to prove that he was a member of the company and had an interest in the claims by virtue of the company's location.

IDEM.—Since the passage of the Act of April 13th, 1860, entitled "An Act to provide for the conveyance of mining claims," a deed duly acknowledged, or bill of sale accompanied by delivery of possession, is necessary to pass the title of a mining claim to a purchaser. Prior to said Act, a verbal sale, accompanied by a delivery of possession, was sufficient.

ACTION AGAINST A COMPANY BY NAME.—An action can only be maintained against a company by the name under which it transacts its business, when sued by a company name. The statute authorizing suit to be brought against a company by its name is in derogation of the common law and will be strictly construed.

IDEM.—Where, in a Justice's Court, the complaint was filed against the Independent Company, and the service, as shown by the return, was on R., a member of the Independent Company, and the summons was addressed to, and the judgment, which was by default, rendered against, the Independent Tunnel Company ; held, that the Court did not acquire jurisdiction of the Independent Tunnel Company, and the judgment was void.

JURISDICTION OF JUSTICE'S COURT.—No presumptions will be indulged in favor of the jurisdiction of inferior Courts—as Justices' Courts ; but it is incumbent on the party asserting a right under their judgments to show affirmatively that they had jurisdiction.

COLOR OF TITLE.—Where, under a void judgment rendered by a Justice of the Peace, a sale and deed of a mining claim were made to G., who assigned the deed to K. ; held, that said judgment, deed, and assignment were not competent evidence for K. to show color of title in him to the claim, under the statute relative to adverse possession.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

This was an action to recover the possession of two and one half undivided sixteenth shares of the Independent Tunnel Mining Claims in Placer County. The plaintiff, in the complaint, alleged title in himself, and an ouster by the defendant. The defendant, in answer, denied all the averments of the complaint, except the fact of his (defendant's) possession, alleged title in himself, and pleaded the Statute of Limitations. The cause was tried before. the Court with a jury. The plaintiff, in the statement of his cause at the commencement of the trial, stated his title to the demanded premises to be derived by purchase by deed or bill of sale. The plaintiff stated, as a witness in his own behalf, that the deed or bill of sale was lost, and, under the objection and exception of the defendant, gave testimony of its contents.

The testimony of the witness, Deiner, was offered to show title to the demanded property in the plaintiff; the defendant objected to its introduction, on the grounds of incompetency and irrelevancy, and excepted to its admission.

The defendant deraigned title under a purchase of the demanded property by Garrison at a judicial sale, and duly excepted to the exclusion of the record of A. B. Scott, J. P., when offered to prove title in him to the demanded property; also to the judgment, the deed to Garrison, and the assignment of the deed to the plaintiff, to show color of title in plaintiff in aid of his plea of the Statute of Limitations. The plaintiff had judgment, and the defendant appealed. The case came up on the judgment roll, containing bills of exceptions taken by the parties respectively.

The other facts are stated in the opinion of the Court.

C. A. Tuttle, for Appellant, argued against the sufficiency of proof of the loss of plaintiff's deed to let in parol evidence of its contents, and for the admissibility of the judgment roll from the Justice's Court of A. B. Scott, and the Consta-

ble's deed, with its assignment to plaintiff, for the purposes—
first, of showing title in plaintiff; and, second, to show color
of title in plaintiff; and on the last point cited *Kimball* v.
*Lohmas*, 31 Cal. 154.

Jo *Hamilton*, and W. *H. Bullock*, for Respondent, argued
to the contrary; and upon the last point cited 30 Cal. 202;
*Jackson* v. *Woodruff*, 1 Cow. 286; *Livingston* v. *Peru Iron
Co.*, 9 Wend. 511.

By the Court, SANDERSON, J.:

The plaintiff having obtained his alleged interest in the
Independent Tunnel Company's claim by purchase, which
purchase was evidenced by a deed or bill of sale, was
bound to produce his deed or bill of sale for the purpose of
proving his title—that being the best evidence—or prove its
loss for the purpose of laying a foundation for the introduc-
tion of secondary evidence as to its contents. (*Patterson* v.
*Keystone Mining Company*, 30 Cal. 365.) The evidence of
the loss was insufficient. It showed that in all probability
the bill of sale was left in the plaintiff's store at Yorkville at
the time the plaintiff sold out and delivered possession of the
store and its contents to his nephew. His nephew, at the
time of the trial, was in the county and in reach of the
process of the Court, yet he was neither called as a witness
as to what had become of the bill of sale, nor does it appear
that he was ever questioned by the plaintiff touching the
missing document. It is true that the plaintiff searched the
store about a year after the nephew took possession, but that
was not sufficient. Under the circumstances detailed by the
plaintiff, which are very similar to those presented in the case
just cited, inquiry should have been made of the nephew for
the missing document in order to sufficiently establish its
loss. It does not appear that any search was made for the
purpose of this trial.

In view of the fact that the plaintiff acquired his interest

by purchase, as stated by his counsel in opening the case to the jury, and not by virtue of his being one of the original members of the company who located the claim, we are at a loss to perceive how the testimony of the witness Deiner as to the fact that the plaintiff had acted as a member of the company, or of the plaintiff himself as to the payment of assessments, or of the books of the company showing that the plaintiff had acted and been received as a member of the company, can be regarded as competent and relevant. Undoubtedly this testimony would have been competent and relevant had the plaintiff claimed title as an original member of the company, for it would have tended to prove that he was a member of the company, and therefore that he held an interest in the claim by virtue of the company's location. But in view of his admission that he had acquired his interest by purchase from some one or more of the original locators, which admission does not seem to have been afterwards withdrawn, we think he was bound to make title by proof of his purchase—either by the production of his deed or bill of sale, if he had one, or by proof of a verbal sale and delivery of possession, if the purchase was made prior to the passage of the Act of April 13th, 1860. (Statutes, p. 175; *Patterson* v. *Keystone Mining Company*, 30 Cal. 363; *Goller* v. *Fett*, 30 Cal. 481.)

The Court did not err in excluding the record from the Court of A. B. Scott, Justice of the Peace for Township No. 5, as evidence of the defendant's title. While the statute, in cases where two or more persons are associated in any business and transact such business under a common name, allows suit to be brought against them by such company name, it does not allow suit to be brought against them by a company name which is not the name under which they transact their business. The statute is in derogation of the common law, and must be strictly construed. As appears upon the face of the record, the action was commenced, not against the Independent Tunnel Company, but against the Independent Com-

pany, which is certainly a different name. True, the Justice addressed the summons to the Independent Tunnel Company, but this he had no right to do. On the contrary, he should have followed the style given in the complaint, or its substitute, the account which had been filed as a complaint and which was against the Independent Company. (*Lamping* v. *Hyatt*, 27 Cal. 102.) The return shows that the summons was served on Randall, a member of the Independent Company, and not of the Independent Tunnel Company. This was no service upon the latter company. True, the Court entered judgment against the Independent Tunnel Company, but this the Court had no power to do, for the judgment was by default. (*Lamping* v. *Hyatt, supra.*) Had the company appeared and pleaded the misnomer in abatement, if it was a misnomer, or waived it by not pleading it, the result might have been different. But as it is, the record fails to show either an action against or a service upon the Independent Tunnel Company, and the judgment was therefore utterly null and void. (*Mayo* v. *Ah Loy*, 32 Cal. 477.) Nothing can be presumed in favor of the jurisdiction of the Court. Being an inferior Court, its jurisdiction must be made to appear affirmatively. The defendant was bound to show that the Court had jurisdiction. This the record offered did not prove, but quite the contrary.

Nor did the Court err in excluding the judgment, the Constable's deed to Garrison, and the assignment of the Constable's deed by Garrison to the defendant, when offered as tending to show color of title under the statute in relation to adverse possession. The instrument from Garrison to the defendant was not a deed of the mining claim, but merely an assignment of "his right, title and interest in and to" the Constable's deed, and not to the land therein described. Title passes by deed and not by an assignment of the deed to the assignee. Whether, had Garrison conveyed to the defendant, the judgment and Constable's deed in connection with such conveyance would have been admissible as showing color of title in aid of the defendant's plea of the Statute of

Limitations, it is therefore unnecessary to determine. But upon this point see *Jackson* v. *Woodruff*, 1 Cow. 286, and *Gilbert* v. *Peru Iron Company*, 7 Wend. 511.

Judgment reversed and a new trial ordered.