## ELLIS v. WIRE.

MEASURE OF DAMAGES.—*Conversion.*—Where one forcibly took possession of certain wheat as it stood in the field, driving the owner away, and harvested and sold it;

*Held,* in an action for such taking and conversion, that the value of the wheat at the time of its sale, in the form in which it was sold, was the measure of damages, if the plaintiff was content therewith, though he was entitled to the highest price of the property at any time between the taking and the sale; and the defendant was not entitled to prove the value of his own labor in harvesting and threshing the crop, for the purpose of reducing the damages.

APPEAL from the Huntington Common Pleas.

FRAZER, J.—This was a suit, begun before a justice of the peace, by the appellant, for the taking and conversion of wheat and straw of the appellant by the appellee.

There seems to have been no controversy in the evidence, concerning the plaintiff's title to the property. The defendant, however, forcibly took possession of it as it stood in the field, driving the plaintiff away, harvested and sold the grain for one dollar and seventy-five cents per bushel, and on the trial was permitted, over the plaintiff's objection, to prove the value of his own labor in harvesting and threshing the crop, for the purpose of reducing the damages. The question before us is as to the admissibility of this evidence. It was not admissible. The general rule in trover is, that the measure of the plaintiff's damages is the value of the property at the time of conversion, without any deduction for labor voluntarily bestowed upon it by the wrong doer. *Ewart* v. *Kerr,* 2 McMullan, 141; *Jenkins* v. *McConico,* 26 Ala. 213. The time of conversion is not, it seems, always fixed by the same circumstances. Thus, a tortious taking is sufficient proof of a conversion, but yet it appears from many of the cases that the plaintiff may elect to consider the property as still his own and treat a sale of it by the wrong doer, or a refusal to deliver on-demand, as the conversion. Or it has been held, that the law will, upon the

principle of natural justice, that a wrong doer ought not to be allowed to make a profit by his own wilful tort, treat the conversion of property of fluctuating value as occurring at such time between the taking and the trial as the property bears the highest price in the market. The confusion in the cases seems in part to have arisen out of the form of the action, some courts and judges holding that by bringing trover the plaintiff precludes himself from showing that the taking was wilful, and hence that the inquiry concerning damages must in all such cases, in that form of action, be confined to the value of the property at the time of conversion, without reference to the manner of the taking. In trespass, however, no such technical reason stood in the way, and, so far as we know, there is no conflict in the cases, where that was the form of action. Some loose ideas in reference to the time of conversion have also tended to darken counsel as to the measure of damages in trover, where the general rule that the value of the property at the time of conversion has been held to be a universal rule. A wrongful taking and a demand and refusal are each held in trover to be, not a conversion, but merely sufficient evidence of it. And yet nothing can be clearer than that these things do not change the title to the property; it still remains in the plaintiff, and may, by action of replevin, be recovered in specie, so long as its identity is perceptible to the senses. It may be so recovered, though its form has been changed and its value greatly increased by the labor of the defendant, as in the case of logs converted into plank, wool into cloth, cloth into clothing, leather into boots and shoes, and the like. It may in the new form be replevied, because it is, in that form, still the property of the plaintiff, and the defendant is not entitled to compensation for the labor bestowed upon it, for that was his own folly, and, indeed, he was a wrong doer in the very act of adding such value to the property of another. The sale of the wheat was its actual conversion by the defendant, and its value at

that time, in the form in which he sold it, was the measure of damages, if the plaintiff was content therewith; though .we think he was entitled to the highest price of the property at any time between the taking and the sale. So are the English cases. *Greening* v. *Wilkinson,* 1 C. & P. 625. And such seems to have been the doctrine of the common law since the Year Books. See *Brown* v. *Sax,* 7 Cow. 95; *Betts* v. *Lee,* 5 Johns. 348; *Baker* v. *Wheeler,* 8 Wend. 505; *Silsbury* v. *McCoon,* 3 N. Y. 379.

It is held otherwise in Massachusetts, but the ruling is maintained there to preserve consistency of decision, and not because it was the doctrine of the common law. We do not like the Massachusetts rule, and if the question were *res integra* we would not adopt it, for the reason that it is too tender of the interests of the wilful tort feasor.

Reversed, with costs; cause remanded for a new trial.

*J. R. Slack,* for appellant.