## FOOTE *v.* MERRILL.

In trespass *quare clausum fregit*, and for cutting down and carrying away trees, the measure of damages is the amount of injury which the plaintiff suffered from the whole trespass taken as a continuous act: the increased value of the trees, occasioned by the labor of the defendant in converting them into timber, is not to be included.

TRESPASS, by Samuel E. Foote against Albert B. Merrill, for breaking and entering the plaintiff's close in Warren, and cutting down and carrying away trees. The parties are owners of adjoining lots, and the question in dispute at the trial was, On which side of the dividing line between them were the trees cut? As to damages, the court instructed the jury that they might give the value of the timber after it was cut and made ready to be hauled off the land, to which the defendant excepted. The verdict was for the plaintiff, and the defendant moved for a new trial.

*Carpenter* (with whom was *Putnam*), for the plaintiff, cited *Martin* v. *Porter*, 5 M. & W. 351, *Wild* v. *Holt*, 9 M. & W. 672, *Morgan* v. *Powell*, 3 Q. B. 278.

*Felton* (with whom were *H. Bingham* and *S. B. Page*), for the defendant, cited Sayer's Law of Damages 1, *Luther* v. *Winnisimmet Co.*, 9 Cush. 171, *Cole* v. *Tucker*, 6 Tex. 266, *Wallace* v. *Goodall*, 18 N. H. 456, *Belknap* v. *Boston & Maine Railroad*, 49 N. H. 358, *Longfellow* v. *Quimby*, 33 Me. 457.

HIBBARD, J. The gist of the action of trespass *quare clausum fregit* is the disturbance of the possession. Whatever is done after the breaking and entering is held to be but aggravation of damages. *If the plaintiff had failed to prove the cutting of his trees, he might still have recovered in this action for the breach of his close—*Brown* v. *Manter*, 22 N. H. 468, 472; but if he had failed to prove the breach of his close, he could not have recovered for the taking and carrying away of his trees. *Eames* v. *Prentice*, 8 Cush. 337.

It may be assumed, although it is not stated in the case, that the court instructed the jury that the plaintiff was entitled (as he manifestly was) to recover for the injury, if any, which was done to his soil, as well as " the value of the timber after it was cut and made ready to be hauled off the land." It is to be inferred that the court

---

* "This common mode of declaring virtually includes two causes of action in one count,—an action for the disturbance of plaintiff's possession of his real estate, and an action to recover the value of his chattels unlawfully taken and converted. The plea of not guilty would seem to be a general denial of both, putting the whole declaration in issue." LADD, J., in *Smith* v. *Smith*, 50 N. H. 218.

REPORTER.

permitted the plaintiff, although he had elected to bring trespass for breaking and entering his close and cutting down and carrying away his trees, to ignore the allegation and proof of cutting, and recover the damage done by breaking and entering the close and carrying away the trees, as if the cutting had been previously done by the plaintiff himself. The plaintiff has therefore, in this form of action, recovered a verdict which includes the value of the defendant's labor in cutting and trimming the trees. That this is not a just rule of damages is manifest, although it may be probable that but a small proportion of the amount of the verdict in this case was given for the added labor. Had the defendant set fire to the plaintiff's trees and destroyed them, the measure of damages would have been their value as they stood on the land; and we cannot say that he justly ought to pay any more for cutting and removing than for destroying them, nor that the plaintiff justly ought to receive any more in one case than in the other. If the plaintiff by pursuing a different remedy might have availed himself of the benefit of the defendant's labor, this may afford no reason for giving it to him in the form of action he has chosen to adopt.

The defendant having wrongfully cut and trimmed the plaintiff's trees, and it being impossible to separate the original property in them from the value subsequently added, it is unnecessary to cite authorities to show that the plaintiff, after they were cut and trimmed, remained the owner of the timber made from them, free from any lien or claim of the defendant for his labor, and that he might therefore have lawfully taken it peaceably into his possession. It is only where the identity of the original material has been destroyed, or where its value is insignificant compared with the value of the article manufactured from it or to which it has been annexed, that the law is otherwise. *Wetherbee* v. *Green*, 22 Mich. 311 (7 Am. Rep. 653). The plaintiff might also have maintained replevin for the timber—*Davis* v. *Easley*, 13 Ill. 192, *Wingate* v. *Smith*, 20 Me. 287 ; or he might, according to numerous authorities, have recovered its full value at the time it was carried away by bringing trover—*Brown* v. *Sax*, 7 Cow. 95, *Baker* v. *Wheeler*, 8 Wend. 505, *Rice* v. *Hollenbeck*, 19 Barb. 664, *Grant* v. *Smith*, 26 Mich. 201, *Ellis* v. *Wire*, 33 Ind. 127 (5 Am. Rep. 189) ; and according to the doctrine of *Adams* v. *Blodgett*, 47 N. H. 219, he might have elected any day prior to the date of his writ as the time of the conversion. Perhaps the same result might as well have been reached in trespass *de bonis asportatis ;* but the difficulty of allowing the original taking to be abandoned and a later/one adopted has probably been thought greater in that form of action than in trover, although judges have sometimes taken a different view. " It would be absurd to say that the original owner may retake the thing by an action of replevin in an improved state, and yet that he may not, if put to his action of trespass or trover, recover its improved value in damages "—RUGGLES, J., in *Silsbury* v. *McCoon*, 3 N. Y. 384; but in *Cushing* v. *Longfellow*, 26 Me. 306, the plaintiff waived the breaking and entering and the cutting, and sued in trespass for taking, carrying away, and

converting mill-logs; and it was held, that the measure of damages was the value as it was the moment after they were severed; and that the plaintiff had no right to select any other place than that where the injury was originally done, although he might have seized the logs at a later stage, and after they had become more valuable; but the opinion of the court states that in trover the rule is different.

In *Moody* v. *Whitney*, 38 Me. 177, which was trover for mill-logs cut upon the plaintiff's land by the defendant, and hauled by him two or three miles, the same measure of damages was, however, adopted, it being held that the plaintiff could not recover the enhanced value of the logs without evidence of a distinct conversion after they were hauled, as if the plaintiff had regained possession, and there had been a subsequent conversion by the defendant; or, perhaps, if he had not regained the possession, but there had been a subsequent demand and refusal, upon the ground that, where a party without authority mingles his labor with the lumber of another, " if the party who would be entitled to the whole of the mixture makes no attempt to obtain the whole, but resorts to his action of trover, the damages would be, not the value of all that which he might lawfully take, but only of that which was first wrongfully converted by the act of mingling."

According to the cases last cited, the present plaintiff, even if he had brought trover, would have been entitled to recover " the value of the timber after it was cut," but not (as the court instructed the jury) after it was " made ready to be hauled off the land." A similar doctrine was applied in *Weymouth* v. *C. & N. W. R. Co.*, 17 Wis. 567, which was trover against the defendant, who had by mistake taken the plaintiff's wood at Farmington, and carried it to Janesville and there mingled it with other wood, so that it could not be identified,—the court holding that the plaintiff, who had demanded the wood at Janesville, could not recover its value with the cost of transportation added; but in that case the wood was not cut by the defendant on the plaintiff's land.

If a plaintiff in trover, whose trees have been cut and increased in value by a trespasser, may recover their value at any time he may elect to treat as the time of their conversion, or even their value the moment after they are severed from the soil, he may sometimes recover more than the actual injury he receives ; but it is because such a result is incidental to the adoption of that form of action, while in the present case the form of action adopted by the plaintiff presents no obstacle to giving him the actual damage he has suffered by the commission of the trespass alleged in his declaration, and no more.

The reported cases on the subject of damages in trespass *quare clausum fregit*, where the defendant has without authority severed minerals or timber and removed them from the plaintiff's land, are far from uniform. *Martin* v. *Porter*, 5 M. & W. 351, *Wild* v. *Holt*, 9 M. & W. 672, *Morgan* v. *Powell*, 3 Q. B. 278 (43 E. C. L. 734), *Maye* v. *Tappan*, 23 Cal. 306, and *Goller* v. *Fett*, 30 Cal. 481, were actions of that form. The first three were for mining coal and carrying it away ; and the decision was, that the owner of the land in such a case is

entitled to recover the value of the coal at the time when it first became
a chattel by being severed from its place.   In the last two, which were
for extracting, carrying away, and converting gold and gold-bearing
earth, the same rule was applied, the measure of damages being held
to be the value of the gold-bearing earth immediately after it was sep-
arated from the surrounding soil, to be estimated by deducting from
the value of the gold extracted from it the expense of extracting
it.   Following these authorities are *Bennett* v. *Thompson*, 13 Ired. 146,
and *Smith* v. *Gonder*, 22 Ga. 353, the latter of which was (and prob-
ably both were) trespass *quare clausum fregit*, and for cutting and car-
rying away trees.   A similar rule was applied in the recent case of
*Llynvi Co.* v. *Brogden*, L. R., 11 Eq. 1\`8, which was a bill praying for
an account for mining and carrying away coal.

But in *Wood* v. *Morewood*, 3 Q. B. 440 (43 E. C. L. 810), Baron
PARKE ruled that, even in trover for coal mined by the defendant upon
the plaintiff's land, if the defendant " acted fairly and honestly, in the
full belief that he had a right to do what he did, they [the jury] might
give the fair value of the coals, as if the coal-fields had been purchased
from the plaintiff; " and in *Forsyth* v. *Wells*, 41 Pa. St. 295, which
was trover for coal mined by mistake, LOWRIE, C. J., said that the rule
of damages adopted in *Martin* v. *Porter* and other like cases " does
not truly mete out just compensation ; " and it was held by a majority
of the court that the defendant " ought not to have been charged
with the value of the coal after he had been at the expense of mining
it, but only with its value in place and such other damage to the land
as his mining may have caused ; " but this view is criticized by STRONG,
J., in an opinion of the same court in *Lyon* v. *Gormley*, 53 Pa. St. 261.
Whether such a rule of damages can be sustained in trover seems
more than questionable, although it has been commended by a high
authority as " the just rule."   Sedg. Meas. Dam. (4th ed.) 629 [537],
note 1.   It would be hard to suppose that the plaintiff lost his coal,
and that the defendant found and converted it while it remained a
part of the realty, to say nothing of giving " other damage to the land "
in an action of trover for converting personal property.   But we
are of the opinion that where there is nothing in the form of action
adopted which renders this an inconsistent rule of damages, it presents
substantially the correct rule.   It seems well adapted to actions of
trespass, for entering land and severing and removing minerals or
timber from it, and has been often applied in such actions.

*United States* v. *Magoon*, 3 McLean 171, was trespass for entering
upon lands of the United States and digging and carrying away ore.
" The plaintiffs contended that they were entitled to the value of the
ore after it was dug ; but the court instructed the jury that that was
not the measure of damages, but the injury done to the soil by the
trespass ; that the digging and carrying away by the same person is
presumed to be a continuous act, and the lead ore removed must be
considered an aggravation of trespass upon the soil."   This instruction
was not excepted to.

*Stockbridge Iron Co.* v. *Cone Iron Works*, 102 Mass. 80, was tort, praying for relief in equity for injury to the plaintiff's land by digging and excavating drifts, caves, and openings into and under it, and taking ore therefrom. "The value of the ore," the opinion states, "is to be estimated as it lay in the bed, and not as it was after the defendants had increased its value by removing it. To this is to be added the damage done to the real estate."

*Longfellow* v. *Quimby*, 33 Me. 457, was trespass for a breach of the plaintiff's close, and cutting and carrying away trees. The plaintiff was held to be entitled to recover for the value of the trees, and for the injury occasioned by cutting them prematurely, and for the injury done to the land.

*Chipman* v. *Hibberd*, 6 Cal. 162, the case states, was an "action for damages for cutting down growing trees." The measure of damages was held to be, not "the actual value of the trees for firewood, but the damage done to the land by reason of destroying them,"—to be "estimated by all the circumstances and the purposes for which the trees were used or designed."

If the owner of timber, cut upon his land by a trespasser, gets possession of it increased in value, he has the benefit of the increased value. The law neither divests him of his property, nor requires him to pay for improvements made without his authority. Perhaps in trover, and possibly in trespass *de bonis asportatis*, he may be entitled to the same benefit. But we see no occasion for giving it to him where he brings his suit for the whole trespass of breaking and entering his close and cutting down and carrying away his trees as a continuous act. The plaintiff is entitled to be compensated according to the magnitude of his loss. The defendant ought only to be liable to compensate him according to the magnitude of his loss. The inquiry should be, How much was the plaintiff injured by the breaking and entering of his close, and the cutting down and carrying away of his trees? The true measure of damages is the amount of injury which the plaintiff has actually suffered from the whole trespass. If the trees were worth no more to the plaintiff to stand than to the defendant to be cut into timber at that time, their value as timber, with the reasonable expense of cutting deducted, was the measure of the injury which was done to the plaintiff by cutting them. This is not the rule of damages which was adopted by the court. The instruction to the jury was erroneous, because it allowed the plaintiff to recover a verdict which included the value added to the timber by the defendant's labor.

The instruction given, unless it was assented to by the plaintiff, as it doubtless was in this instance, was clearly liable to a valid exception by him. His trees may have been prematurely cut: they may have been ornamental trees or fruit-trees: the value after they were severed from the soil may have been but a small part of the real injury from cutting and removing them. "The trees considered as timber may, from their youth, be valueless, and so the injury done to the plaintiff by the trespass would be but imperfectly compensated, unless

he could receive a sum that would be equal to their value to him while standing upon the soil." GILCHRIST J., in *Wallace* v. *Goodall*, 18 N. H. 456. A rule of damages, which is manifestly unsound when applied to the cutting of trees which are more valuable while standing than after they are cut, cannot be usefully employed in other cases.

*Adams* v. *Blodgett*, 47 N. H. 219, may seem to be in conflict with the result we have reached, but it is not. That action, as it is described in the statement of facts, was trespass for breaking and entering the plaintiff's close and carrying away trees and bark. An examination of the reserved case shows that the writ did not charge the defendant with cutting the trees, as is inadvertently stated in the first paragraph of the opinion of the court. That the defendant peeled the bark is stated in the case, but whether he cut the trees or not does not appear. Whether he did one or both, the plaintiff did not allege either in her declaration, but declared as if the defendant had only broken and entered her close and carried away her personal property found there. No question which was there decided arises in the present case.

The defendant is entitled to a new trial upon the question of damages, but not upon the question of title. *Lisbon* v. *Lyman*, 49 N. H. 553.

*New trial as to damages.*