# The McLean County Coal Co.

*v.*

# John Long.

1.  Measure of damages—*rule the same in trover and trespass.* A different rule of damages does not prevail in trespass for breaking and entering a coal mine and carrying away coals, and trover for the coals, except where circumstances of aggravation are relied on in trespass. The rule is the same in both forms of action.

2.  Same—*in trover for coals taken from mine of plaintiff.* The measure of damages in an action of trover for coals taken from the mine of the plaintiff and converted to use of defendant, is, the value of the coals at the mouth of the pit, less the cost of conveying the coal from the place where it is dug to the mouth of the shaft.

Appeal from the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

Messrs. Stevenson & Ewing, for the appellants.

Messrs. Bloomfield, Pollock & Campbell, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was trover, in the McLean circuit court, by John Long, plaintiff, and against the McLean County Coal Company, defendants, to recover damages for the conversion of a quantity of coals taken from the land of plaintiff.

There is no controversy about the fact of taking and converting the coals, the only question being as to the measure of damages.

The leading facts are, that defendants had in the summer of 1872 sunk and worked a shaft on their own land, three hundred and thirty-three feet west of the west boundary of plaintiff's lots, to the depth of five hundred and forty-nine feet. At the session of the General Assembly held in 1872, an act was passed providing for the health and safety of persons employed in coal mines, in force July 1, 1872, in which it was provided that an accurate map or plan of the workings of each coal mine, showing, among other things, the general inclination of the strata, together with any material deflections in the workings, should be made, and a copy thereof filed in the recorder's office of the proper county. R. S. 1874, ch. 93, p. 704.

Upon making and filing a map of appellant's mine, appellee discovered for the first time, in 1873, that appellants had worked out of bounds, and, in 1872, taken from his land coals which were found to amount to six hundred and ten tons, from a stratum about two feet thick. When appellee made this discovery, he went to the proper officer of the company and demanded the coal, and on another occasion demanded pay for it. At the time of the demand not a pound of this coal was in possession of the company, it having been sold and disposed of months before. When this demand was made, appellants replied, the land did not belong to them, and that they were responsible to one Cox.

The action was brought to the February term, 1874.

The controversy was upon the measure of damages. Appellants' theory was, the value of the coal when first it became a chattel; that of appellee, its value in the market; which latter theory the court accepted, and gave, of its own motion, the following instruction:

"The court instructs the jury that if they believe, from the evidence, that the defendant wrongfully took and converted to its own use the coal of plaintiff, as alleged in plaintiff's declaration, the jury will find the defendant guilty, and assess the plaintiff's damages at the fair market value of the coal at the time the same was sold and converted by defendant to its own

use, and to this amount, so ascertained, the jury may, in their discretion, allow interest at the rate of six per cent per annum from the date of such conversion to the present time."

The jury found for the plaintiff, and assessed the damages at twelve hundred and eighty-one dollars, for which the court rendered judgment, overruling defendants' motion for a new trial, and the defendants appeal.

When this coal was taken to the mouth of the shaft, it was worth at the shaft two dollars and ten cents per ton, and this the jury allowed, no deduction being made for the cost of getting it to the mouth of the shaft—all evidence offered by appellants on this point being ruled out by the court.

Is the rule given to the jury by which to measure the damages a correct rule, having its foundation in reason and authority?

Common observation and reason inform us that these coals, in their native bed, more than five hundred feet below the surface of the ground, were of no appreciable value; they were made valuable by the labor and expense of appellants; by these they obtained a market value.

How are the authorities upon this question? *Martin* v. *Porter*, 5 Meeson and Welsby, 351, is cited by appellee. That was trespass for breaking and entering plaintiff's close, and breaking and entering a certain coal mine under the close, and taking and carrying away the coal, and converting and disposing of it to the use of the defendant.

The plaintiff claimed that he had a right to hold the defendant liable for the value of the coal when gotten and when first it existed as a chattel, without any deduction for the expense of getting it.

PARKE, Baron, before whom the cause was tried, said that the plaintiff would have been entitled, in an action of trover, to the value of the coal as a chattel, either at the pit's mouth or on the canal bank, if the plaintiff had demanded it at either place, and the defendant had converted it, without allowing anything for having worked and brought it there; that not

having made such a demand, and the action being trespass, he was entitled to the value of the coal as a chattel at the time when the defendant began to take it away; that is, as soon as it existed as a chattel; which value would be the sale price at the pit's mouth, after deducting the expense of carrying the coals from the place in the mine where they were got, to the pit's mouth.

In the Exchequer, the rule, so given by Parke, Baron, was held by the whole court as the true rule.

This rule was adhered to in *Wild et al.* v. *Holt,* 9. Mees. and Wels. 671, and also in the Court of Queen's Bench, in *Morgan* v. *Powell,* 3 Adolphus and Ellis, 278, 43 Eng. C. L. 734.

This question came before this court at the January term, 1874, in *Robertson* v. *Jones et al.* 71 Ill. 405, and the same rule was announced.    In California the same doctrine is held. *Magi* v. *Tappan,* 23 Cal. 306.   See also, *Moody* v. *Whitney,* 38 Maine, 174.   Other cases might be cited, but it is unnecessary, as this court has recognized the rule as a correct one in *Robertson* v. *Jones et al. supra.*

But it is said these were actions of trespass, and while the rule may be a just one in such an action, it is not so in trover.

The ordinary principle is, that a party is entitled to recover compensation only for the damage he has actually sustained, no matter what may be the form of action.   A different rule of damages does not prevail in trespass for breaking and entering a coal mine and carrying away coals, and trover for the coals, except when circumstances of aggravation are relied on in trespass.   The rule is the same in both forms of action.   Mayne on Damages, 290.

No matter what the form of action, unless it be an action in which vindictive damages, so called, are sought, the jury are restricted to compensation for the pecuniary loss sustained by the plaintiff, and in this case, as these authorities hold, the estimate of loss depends on the value of the coal when severed from the soil; that is, the price at which the plaintiff could have sold it.   This, it is clear, was the value of the coal at the

moment it was severed by the defendants and thrown into the run. It was at that moment, when defendants had made it a chattel, exercising control over it, that the conversion was complete. For the expense and trouble of separating it from its kindred layers and making it a chattel, the defendants can not claim to be reimbursed; but the coal had no value as a saleable article without being taken from the pit, and any person purchasing the coal in the pit would have deducted from the price the cost of bringing it to the pit's mouth.

This is, substantially, said by Lord Ch. J. Denman, in delivering the opinion in *Morgan* v. *Powell, supra,* and meets our approval.

It follows, from these authorities, the rule given to the jury by which to measure the damages, was not the correct rule. During the trial, and whilst the examination of the witnesses was progressing, the court made this statement:

"I can now state what I think the measure of damages is. I understand the measure of damages is, the value of the coal at the time of conversion. I think the measure of damages is, the value of the coal at the mouth of the shaft, less the expense of drawing it up."

Had the court adhered to this rule, it would have conformed to the authorities, and especially to the decision of this court in *Robertson* v. *Jones et al. supra.*

The doctrine announced in the cited cases has received the sanction of this court in *Sturgis et al.* v. *Keith,* 57 Ill. 451, though the subject in controversy was of a different nature. That was trover for certain railroad stocks which the plaintiff had deposited with defendant, who refused to deliver them on demand. The plaintiff claimed he could select any time at which the stocks were at the highest market value, and recover accordingly; and such had been the ruling of several reputable courts. This court held, as a principle governing this action, that the value of the stocks at the time of the conversion was the measure of damages; and in that case the conversion was established by the refusal to deliver on demand.

The principle is, when the chattle is converted, then the damages are to be estimated.

In this case no demand was necessary, as the taking of the coals was tortious. Then, on the principle of the above cited case, the damages must be computed from the time the coal first became a chattel, for the conversion was complete when defendants severed it and threw it into their run.

The cases in trover, cited by appellee, are not decisive of this case. We think the authorities above referred to are very satisfactory, and this case is properly settled by them. On the authority of these cases, and they are in harmony with justice, the court should have told the jury the plaintiff could recover as damages the value of the coal at the mouth of the shaft, less the cost of conveying it from the place where it is dug to the mouth of the shaft. This is, in effect, saying, he can recover the value of the coal when it first became a chattel by being severed from the mass, and under their control.

For the errors indicated the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*