## BEEDE v. LAMPREY.

In trover for trees carelessly but not wilfully cut by the defendant on the plaintiff's land, the measure of damages is the value of the trees immediately after they are severed from the realty.

Trover, for two hundred spruce logs.   The defendant was defaulted, with the right to be heard as to the assessment of damages. Facts found by the court.   The parties own adjoining timber lots in Moultonborough.   The defendant, while engaged in an operation on his own lot, negligently, but without malice, cut over the line dividing the lots, and cut down, trimmed, hauled to and deposited in the lake at Melvin Village in Tuftonborough, and thence towed to his saw-mill the trees in question, which facts constitute the cause of action.   The question whether the measure of damages is the value of the stumpage, or the value of the logs when cut and trimmed, or when deposited in the lake, or when delivered at the mill, was reserved.

*E. A. & C. B. Hibbard*, for the plaintiff.

*Jewell & Stone*, for the defendant.

ALLEN, J. The claim of the plaintiff to recover as damages the value of the logs at the mill, which includes the value added by cutting and transporting them, is founded upon his title and right of possession of the property there, and his right to treat it as converted at any time between its severance from the realty and the commencement of the action. The plaintiff had the title to the logs and the right of possessing them at the mill. Whenever and wherever they may have been converted, the conversion did not change the title so long as the property retained its identity. The title could be changed only by a suit for damages with judgment, and satisfaction of that judgment. *Smith* v. *Smith*, 50 N. H. 212, 219; *Dearth* v. *Spencer*, 52 N. H. 213.

The plaintiff might have recovered the logs themselves at the mill, or wherever he could have found them, and so availed himself of their value there by replevin, or by any form of action in which the property *in specie* and not pecuniary damages are sought. But in such a case, if the claimant makes a title, no question of damages or compensation for loss arises. He recovers his own in the form and at the time and place in which he finds it. In trespass *quare clausum*, with an averment of taking and carrying away trees, the plaintiff may recover for the whole injury to the land, including the damage for prematurely cutting the trees and for the loss of the trees themselves, but nothing for the value added by the labor of cutting and transporting them. *Wallace* v. *Goodall*, 18 N. H. 456; *Foote* v. *Merrill*, 54 N. H. 490. Trover cannot be maintained for any injury to the realty, but only for the conversion of chattels; and in this case the plaintiff is limited in his recovery to the loss of the trees, that is, his loss by the defendant's converting them by their severance from the land.

The usual rule of damages in actions of trover is compensation to the owner for the loss of his property occasioned by its conversion; and where the conversion is complete, and results in an entire appropriation of the property by the wrong doer, the loss is generally measured by the value of the property converted, with interest to the time of trial. *Hovey* v. *Grant*, 52 N. H. 569; *Gove* v. *Watson*, 61 N. H. 136.

The defendant converted the logs by cutting and severing the trees from the land, and the conversion being complete by that wrongful act, their value there represents the plaintiff's loss. His loss is no greater by reason of the value added by the labor of cutting and transportation to the mill. It does not appear that the logs were of special or exceptional value to the plaintiff upon the land from which they were taken, nor that he had a special use for them other than obtaining their value by a sale, nor that the market price had risen after their conversion. If, in estimating the damages, the value at the mill increased by the cost of cutting and transportation is to be taken as the criterion, the plaintiff will receive more than compensation for his loss. With such a rule of

damages, if, besides the defendant, another trespasser had cut logs of an equal amount upon the same lot, and had hauled them to the lake shore, and a third had simply cut and severed the trees from the land and sold them there, and suits for their conversion had been brought against each one, the sums recovered would differ by the cost of transporting the logs to the place of the alleged conversion, while the loss to the plaintiff would be the same in each of the three cases. The injustice of such an application of the rule of damages is apparent from the unequal results.

In *Foote* v. *Merrill, supra,* which was trespass *quare clausum,* and for cutting and removing trees, it was decided that the plaintiff could recover for the whole injury to the land, including the value of the trees there, but not any increase in value made by the cost of cutting and taking them away. In the opinion, it is said, *Hibbard,* J.,—"If the owner of timber, cut upon his land by a trespasser, gets possession of it increased in value, he has the benefit of the increased value. The law neither divests him of his property, nor requires him to pay for improvements made without his authority. Perhaps in trover, and possibly in trespass *de bonis asportatis,* he may be entitled to the same benefit." This dictum not being any part of nor necessary to the decision of that case, and given in language expressive of doubt, cannot be invoked as a precedent decisive of this case. When trespass *de bonis asportatis* is coupled with trespass *quare clausum,* either as a separate count or as an averment in aggravation of damages, as in *Foote* v. *Merrill,* the increase in damages by reason of such averment and proof of it is the value of the chattels taken and converted, and in such a case is the same as the whole damages would have been in an action of trespass *de bonis. Smith* v. *Smith,* 50 N. H. 212, 219. Had the plaintiff in *Foote* v. *Merrill* sued in trespass for taking and carrying away the trees merely, he would have recovered their value upon the lot at the time of the taking, allowing nothing for the expense of cutting and removing them. And no good reason appears why the same rule of damages should not prevail in trover as in trespass *de bonis asportatis.* The loss to the plaintiff from the taking and carrying away of his property is ordinarily the same as the conversion of it by complete appropriation, and the rule of compensation for the loss gives him the value of his property at the time and place of taking or conversion, and interest from that time for its detention.

The English cases upon the subject give as the rule of damages, when the conversion and appropriation of the property are by an innocent mistake and *bona fide,* or where there is a real dispute as to the title, the value of the property in place upon the land, allowing nothing for enhancement of value by labor in its removal and improvement. But when the conversion is by fraud or wilful trespass, the full value at time of demand and refusal is given. *Martin* v. *Porter,* 5 M. & W. 351; *Morgan* v. *Powell,* 3 A. & E., N. S. 278;

*Wood* v. *Morewood*, 3 A. & E., N. S. 440, note; *Wild* v. *Holt*, 9 M. & W. 672; *In re United Collieries Co.*, 15 L. R. Eq. 46.

The early New York cases give the full value at the time of conversion, including any value added by labor and change in manufacturing. *Betts* v. *Lee*, 5 Johns. 348; *Curtis* v. *Groat*, 6 Johns. 168; *Babcock* v. *Gill*, 10 Johns. 287; *Brown* v. *Sax*, 7 Cow. 95; *Baker* v. *Wheeler*, 8 Wend. 505. In these cases the conversion is treated as tortious, and the same as if made by wilful trespass. In later cases a distinction is made between a wilful taking and conversion; and the rule of just compensation is upheld in case of the conversion of trees at least, and their value upon the land is given as damages when the conversion does not result from wilful trespass. *Whitbeck* v. *N. Y. Central Railroad*, 36 Barb. 644; *Spicer* v. *Waters*, 65 Barb. 247. The Illinois decisions make no distinction between cases of wilful trespass and those of conversion by mistake or inadvertence, and include in damages all enhancement in value from any cause before suit is brought. *Robertson* v. *Jones*, 71 Ill. 405; *McLean County Coal Co.* v. *Long*, 81 Ill. 359; *Ill. & St. Louis R. R. & Coal Co.* v. *Ogle*, 82 Ill. 627.

In Maine the increased value added by cutting and removing the timber is not included in the damages, although the conversion be by wilful trespass. *Cushing* v. *Longfellow*, 26 Me. 306; *Moody* v. *Whitney*, 38 Me. 174. And the same rule seems to govern in Massachusetts (*Stockbridge Iron Co.* v. *Cone Iron Works*, 102 Mass. 80, 86), and did in Wisconsin (*Weymouth* v. *Chicago & Northwestern R. Co.*, 17 Wis. 567, and *Single* v. *Schneider*, 30 Wis. 570) until the legislature of that state in 1873 enacted a statute providing that the rule of damages, in the case of one wrongfully cutting and converting timber on the land of another, should be the highest market value of the property up to the time of trial in whatever state it might be put. *Webster* v. *Moe*, 35 Wis. 75; *Ingram* v. *Rankin*, 47 Wis. 406.

The weight of authority, however, in this country is in favor of the rule which gives compensation for the loss, that is, the value of the property at the time and place of conversion with interest after, allowing nothing for value subsequently added by the defendant, when the conversion does not proceed from wilful trespass, but from the wrong-doer's mistake or from his honest belief of ownership in the property, and there are no circumstances showing a special and peculiar value to the owner, or a contemplated special use of the property by him. *Forsyth* v. *Wells*, 41 Penn. St. 291; *Herdic* v. *Young*, 55 Penn. St. 176; *Woolley* v. *Carter*, 2 Halst. (N. J.) 85; *Franklin Coal Co.* v. *McMillan*, 40 Md. 549; *Barton Coal Co.* v. *Cox*, 39 Md. 1; *Bennett* v. *Thompson*, 13 Ired. 146; *Railway Co.* v. *Hutchins*, 32 Ohio St. 571; *Wetherbee* v. *Green*, 22 Mich. 311; *Winchester* v. *Craig*, 33 Mich. 205; *Nesbitt* v. *St. Paul Lumber Co.*, 21 Minn. 491; *Ellis* v. *Wire*, 33 Ind. 127; *Ward* v. *Carson River Wood Co.*, 13 Nev. 44; *Waters* v. *Stevenson*, 13 Nev. 177;

*Goller* v. *Fett*, 30 Cal. 481; *Gray* v. *Parker*, 38 Mo. 160, 166; *Wooden-ware Co.* v. *The United States*, 106 U. S. 432, 434; Sedg. Dam., 5th ed., 571, 572; Cooley Torts 457, 458, note. In cases of conversion by wilful act or by fraud, the value added by the wrong-doer after conversion is sometimes given as exemplary or vindictive damages, or because the defendant is precluded from showing an increase in value by his own wrong and from claiming a corresponding reduction of damages.

The contention of the plaintiff, that he is entitled to recover the value of the logs increased by the expense of cutting and removal to the mill in Wolfeborough, because, as the case finds, the defendant's acts constituting the conversion were negligent, cannot be sustained on any ground warranting vindictive damages. The cutting and taking the logs was not a wilful trespass, nor does it appear that the defendant's want of reasonable care amounted to a fraud. No malice is shown, nor were there other facts of outrage upon which such damages could be predicated. No part of the damages in dispute is found as exemplary, and the plaintiff cannot be permitted to assign as damages to his feelings a mere value added to the property by the defendant after the completion of the tort, nor take as a benefit that which is outside of compensation for the wrong. *Fay* v. *Parker*, 53 N. H. 342; *Bixby* v. *Dunlap*, 56 N. H. 456; *Kimball* v. *Holmes*, 60 N. H. 163.

The damages must be according to the usual rule in trover, which is the value of the property at the time of conversion and interest after. The severance of the trees from the land, and their conversion from real to personal property, was in law a conversion of the property to the defendant's use. The value of the trees immediately upon their becoming chattels, that is, as soon as felled, which is found to be $1.50 per thousand feet, with interest from that time, the plaintiff is entitled to recover.

*Judgment for the plaintiff.*

SMITH, J., did not sit: the others concurred.